268 P.2d 975

LEE et al. v. MOLINSKY et ux.
No. 5763.

Supreme Court of Arizona.

April 5, 1954.

Darrow & D'Antonio, Tucson, for appellants.

Jack I. Podret, Tucson, for appellees.

STANFORD, Justice.

Plaintiffs, the Molinskys, brought their action in the superior court against defendants for $944.83 on an oral contract to recover for labor and material on a time and material basis.

While plaintiffs were presenting their case, defendants moved for a dismissal for lack of jurisdiction of the court over the subject matter, because the complaint failed to allege that plaintiff, Joseph Molinsky, was a duly licensed contractor at the time the contract was made and at the time the cause of action arose. This motion was denied.

Judgment for $716.05, costs and interest was entered by the trial court, and from same and the denial of motion for new trial, this appeal was taken.

The sections of our Code, to which we now refer, were relied on by defendants in

their objections to the trial court's jurisdiction over the subject matter; to the testimony offered; and now in their "assignments of error".

Section 67–2320, Arizona Code, 1939, Cumulative Supplement 1952, reads:

"*Maintenance of action.*—No contractor shall act as agent or bring or maintain any action in any court of the state for the collection of compensation for the performance of any act for which a license is required by this act without alleging and proving that such contractor was a duly licensed contractor at the time the contract sued upon was entered into and at the time the alleged cause of action arose."

The contract between the parties was made December 6, 1951. The section above quoted became effective in June, 1951, being a reenactment of Section 12, Ch. 102, Laws 1931, § 67–814, A.C.A.1939.

While the plaintiff was presenting his case, he moved to amend his complaint "to allege that plaintiff was and is, at all times mentioned herein, a duly licensed contractor in the State of Arizona." This cured the jurisdictional question raised by defendants.

After the granting of the motion to amend, plaintiff, over the objections of defendants, placed in evidence the following exhibits:

A directory of Arizona contractors, published November, 1951, by R. S. Spoon, Registrar of Contractors, in which the name of plaintiff Joseph Molinsky is shown in the alphabetical listing.

A receipt reading "Registrar of Contractors, Phoenix, Arizona, July 24, 1952, for the sum of $26.00. License No. 7513 (renewal and book)", signed by F. Washburn, secretary.

Original license No. 7513, with dates 1952–1953, issued to plaintiff as a certificate by the office of registrar of contractors in Phoenix and signed by R. S. Spoon, Registrar of Contractors.

Exhibit dated December 12, 1952, reading:

"In the Registrar of Contractors Directory for 1951 appears Joseph Molinsky's name as a licensed contractor", signed by Ada Pearce Winn, secretary. (This exhibit was obtained during the recess of the trial at the Tucson office of the registrar of contractors.)

The first exhibit, the directory of Arizona contractors, is authorized by Section 67–2322, A.C.A.1939, Cumulative Supplement 1952, under the heading: *Powers and duties of registrar*, which states that the registrar, in addition to other duties and rights provided for in this article, shall:

"* * * Furnish a list whenever funds are available for that purpose of contractors with their addresses, who are registered under the provisions of this act and of licenses issued, sus-

-pended or revoked, to public works and building departments, and public officials or public boards, which, in his judgment, may be deemed advisable. Copies of said lists may be furnished by the registrar upon request to any firm or individual upon payment of such reasonable fee or fees as may be determined by the registrar. * * * "

:Definitely this exhibit should not have been -admitted in evidence, because it is not an official publication. Section 21–926, A.C.A. .1939, in part reads as follows:

" * * * An official record or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied with a certificate that such officer has the custody. * * * "

:Section 67–2322, supra, states that the list of contractors shall be forwarded to,

" * * * public works and building departments, and public officials or public boards, which, in his judgment, may be deemed advisable. * * * "

'It therefore can be seen that this list, which was offered and received in evidence at the trial, was not an official publication in the sense that our statute refers to a public document, for the reason that the same section, 67–2322, also states:

" * * * Furnish a certified copy of any license issued, or the cancellation or suspension thereof, upon receipt of the sum of fifty (50) cents, and such certified copy shall be received in all courts and elsewhere as prima facie evidence of the facts stated therein; * * * ."

This directory of Arizona contractors is nothing more than the law allows it to be: "a list". This plaintiff might have been suspended or his license revoked at the time the obligation was incurred, but that may not show in this list which was admitted in evidence as proof of the jurisdictional allegation that plaintiff was a licensed contractor. The proper proof is a certified copy of the license, which must have been issued and in effect at the time the contract sued upon was entered into and at the time when the cause of action arose. We hold, therefore, that a publication (meaning the issuance of a list of contractors), is not admissible in evidence under the requirement of the law that there must be the original or a certified copy of the license.

The other items presented as evidence that plaintiff was a licensed contractor in 1951, are all secondary evidence. It is the general rule, as recently stated in State v. Price, 76 Ariz. 385, 265 P.2d 444, 446, that the best evidence rule requires that the highest degree of proof of which a case is susceptible must be produced, if such proof is accessible. This rule is subject, of course, to modification by statute. Such being the case, plaintiff had to offer as a basis for the admission of such secondary

188

evidence the reasons for which plaintiff could not produce the best evidence of that which he sought to prove. To do such, plaintiff stated that his license was destroyed by fire five months before the trial. This fact did not excuse the production of a certified copy of the destroyed license, which the statute authorizes as primary evidence.

Judgment reversed, and the case is remanded to the trial court for a new trial.

PHELPS, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.