477 P.2d 807

Frank DAUGHTREY and Margie Daughtrey, his wife, and First National Bank in Albuquerque, Defendants-Appellants and Cross-Appellees,

v.

James O. CARPENTER and Orrion Perry, d/b/a Gas Appliance Service Co., Defendants-Cross-Claimants-Appellees,

Blueher Lumber Company and Dar Tile Company, Defendants-Appellees and Cross-Appellants.

No. 8967.

Supreme Court of New Mexico.

Dec. 14, 1970.

Stuart Hines, Clyde E. Sullivan, Jr., Albuquerque, for defendants-appellants.

McNeany, Rose & Sholer, Albuquerque, for James O. Carpenter.

McAtee, Marchiondo & Michael, Pat Chowning, Albuquerque, for Orrion Perry.

Oliver Burton Cohen, Albuquerque, for Blueher Lumber Co. and Dar Tile Co.

## OPINION

WATSON, Justice.

The complaint in this action was filed by a subcontractor of Mock Homes, Inc. to foreclose a labor and material lien against the home of Frank and Margie Daughtrey. The Daughtreys purchased the premises so soon after its construction that the time for filing liens had not expired. At the time of their purchase they executed a mortgage to First National Bank in Albuquerque. The complaint joined other lien claimants against the property, some of whom filed cross-claims; and this appeal is by the home owners and the mortgagee from a judgment in favor of cross-claimants James O. Carpenter, Blueher Lumber Company, Dar Tile Company, and Orrion Perry. The claims of the plaintiff and the other defendants have either been settled or dismissed without appeal. This case is similar in background and proceeding to that described in Brito v. Carpenter, 81 N. M. 716, 472 P.2d 979 (1970).

Appellants' first claim of error is that the statute of limitations has run against appellees' claims because they did not timely commence proceedings on their cross-claims. Section 61-2-9, N.M.S.A., 1953 Comp., reads in part:

"No lien provided for in this article binds any building, mining claim, improvement or structure for a longer period than one (1) year after the same has been filed, unless proceedings can be commenced in a proper court within that time to enforce the same * * *."

Here, although the cross-complaints of appellees Blueher, Dar Tile, and Perry were timely filed with the clerk of the court, appellants state they were not served with reasonable diligence as required by Rule 4(e) (5) of the Rules of Civil Procedure [§ 21-1-1(4) (e) (5), N.M.S.A., 1953 Comp.].

After the complaint was filed, and on December 12, 1966, the attorneys for appellants Daughtreys filed an Entry of Appearance in this case; and on January 9,

1967, the attorneys for appellant First National Bank filed a similar appearance. On January 3, 1967, an Answer, Counter-claim, and Cross-Claim was filed by appellee Blueher, and a similar pleading was filed on the same day by appellee Dar Tile. Both of these appellees had the same attorney; and when their pleadings were filed, they bore his certificate of service by mailing to opposing counsel of record, although the date of such mailing is not noted. Since there had been attorneys of record for the Daughtreys since December 12, 1966, we believe there was sufficient evidence for the trial court to find that service of these cross-claims on the Daughtreys was timely. Rules 5(a) and (b) of the Rules of Civil Procedure [§ 21–1–1(5) (a) and (5) (b), N.M.S.A., 1953 Comp.] do not require service of a summons with a cross-claim except on parties in default.

Appellant First National Bank had not appeared at the time of the filing of Blueher's and Dar Tile's pleading bearing their attorney's certificate. There is no evidence as to service of the cross-claims of Blueher and Dar Tile on the Bank. We need not decide, however, whether failure of service of the claim on the Bank mortgagee prevents the establishment of the lien or a determination of the relative priorities as against it, as these questions were not called to the attention of the trial court. State ex rel. Brown v. Hatley, 80 N.M. 24, 450 P.2d 624 (1969). Appellant Bank did submit a requested finding that appellees failed to serve cross-complaints on it prior to the trial, and it was not afforded 30 days within which to answer. Even this objection was not pressed prior to or during the trial in which it appeared generally. See Miera v. Sammons, 31 N. M. 599, 248 P. 1096 (1926).

An Answer, Cross-Claim and Cross-Complaint was filed by appellee Perry on March 3, 1967, which bore his attorney's certificate of mailing to opposing counsel on March 1, 1967. We believe this was sufficient evidence for the court to find timely service of these pleadings on both appellants who had counsel of record at

that time and we affirm its ruling as to Perry as we do for Blueher and Dar Tile.

The case here on appeal was A23766 below and was involved in the consolidation and grouping described in Brito v. Carpenter, supra. Appellee Carpenter here was appellee Carpenter in Brito, and the recital of Carpenter's pleading in Brito is applicable here. In his "Responsive Pleading" filed in "No. 23258 et seq Consolidated" he did not mention this case, No. A23766. The same order of October 11, 1967, described in Brito, permitted an amendment to add under *Cause Number:* "A–23766"; under *Amount:* "$525.00"; and under *Date of Recording:* "May 13, 1966." Even if sufficient, this was untimely. Not until February 3, 1969, did appellee Carpenter, by an "Amended Answer, Cross-Claim, and Counterclaim," file an appropriate cross-claim in this action. As we held in Brito, neither of the amendments could relate back because no claim for relief was filed within the statutory period. Carpenter's failure to file suit within one year from the filing of his lien is fatal, regardless of any lack of diligence in service on appellants. We cannot affirm as to appellee Carpenter.

At the trial, appellants objected to the admission into evidence of appellee Blueher's claim of lien, because it was not properly verified by the person signing the claim, as required by § 61–2–6, N.M.S.A., 1953 Comp. On June 7, 1966, a verified claim of lien was filed with the county clerk for Blueher Lumber Co., Inc. It was signed and verified as of June 3, 1966, by Raymond Bennett, general manager of the company. The lien was on a printed form with the blanks filled in. After the printed word "CONDITION:" the words "Total amount unpaid." were typed. After this claim of lien had been recorded the original document was returned to Blueher's attorney, and the word "SUPPLEMENTAL" was typed above the printed words "MECHANIC'S CLAIM OF LIEN," and following the words "Total amount unpaid." the following was added: "/ materials furnished from 1/26/66 thru

3/10/66." A list of Mock Homes' properties was also attached, and thereafter the supplemental or amended claim was again signed and verified by the general manager as of June 15, 1966, and refiled with the county clerk on June 16, 1966. The supplemental or amended lien claim was admitted into evidence.

No contention is made that either the first or second lien claim was not timely filed. The contention is only that an alteration of the original instrument voids it. But the cross-claim of appellee Blueher was not based upon the original lien claim. The Supplemental Mechanic's Lien Claim is attached to the pleading and is the one relied upon. It appears to be timely filed, to contain the necessary recitals, and to be properly verified. The fact that Mr. Bennett may have verified his previous verification and reused a form which had previously been recorded would not be material. Hot Springs Plumbing and Heating Co. v. Wallace, 38 N.M. 3, 27 P.2d 984 (1933). Certainly no prejudice is shown to the owners. Crego Block Co. v. D. H. Overmyer Co., 80 N.M. 541, 458 P.2d 793 (1969). We find no error in admitting into evidence the supplemental or amended claim filed on June 16, 1966.

Appellants question the trial court's jurisdiction to enter a judgment on appellee Perry's claim because his "Answer, Cross-Claim and Cross-Complaint" does not allege the time and place when the materials were furnished or that they were incorporated and used in the property or made pursuant to a contract nor does it allege when the work was finished or that notice was given to the owner. In addition, it does not allege that the lien was timely filed or that Perry was a licensed contractor at the time the labor and materials were furnished.

■ Perry had five lien claims as a result of his subcontracts in the Mock Homes subdivision. These were all incorporated into a single pleading. It was filed in the consolidated action and in this cause. It asked foreclosure of five lien claims on the premises involved in this suit and the premises in four other suits. It referred to the matters involved in this cause as follows:

| "Cause No. | Exhibit No. | Amount |
|---|---|---|
| * * * | * * * | * * * |
| A23766 | 3 | $639.60 |
| * * * | * * * | * * * " |

Exhibit "3" is the claim of lien involving the Daughtreys' premises. A copy of it is attached to the pleading filed herein. It recites the name of the owner, the person by whom the claimant was employed, and to whom he furnished materials, and it describes the property and states the amount the claimants demand. In addition to this information, § 61–2–6, N.M.S.A., 1953 Comp., requires "a statement of the terms, time given and conditions of his contract." Under this recital in the printed form is typed "30 days net cash." The lien claim would comply with the requirements of the statute. Crego Block Co. v. D. H. Overmyer Co., supra; Allsop Lumber Co. v. Continental Casualty Co., 73 N.M. 64, 385 P.2d 625 (1963). The recitals in the exhibit are part of the pleading to which it is attached. Rule of Civil Procedure 10(c) [§ 21–1–1(10) (c), N.M.S.A., 1953 Comp.].

■ There are no special statutory requirements for the allegations in complaints to enforce a mechanic's lien. All of the matters indicated by appellants, which appellee Perry failed to allege, were established at the trial by his testimony and exhibits. Appellants objected only to an affidavit of the city building inspector concerning the completion of the gas appliance work. Even without this affidavit there was sufficient evidence of incorporation and use of the property. We will treat the complaint as amended to conform to the proof. Rule of Civil Procedure 15(b) [§ 21–1–1(15) (b), N.M.S.A. 1953 Comp.]; Home Plumbing and Contracting Company v. Pruitt, 70 N.M. 182, 372 P.2d 378 (1962).

■ Appellants cite Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d

200 (1966), as authority for raising the jurisdictional question on appeal for the first time: i. e., the failure of appellee Perry to allege that he was a duly licensed contractor as required by the second paragraphs of both § 67–16–14, N.M.S.A., 1953 Comp., or the more recent statute, § 67–35–33, N. M.S.A., 1953 Comp. (1969 Supp.). They point out that the proof that Perry was licensed was not submitted until the trial, twenty-one months after his cross-claim was filed and more than two years after his lien was filed, and that to permit an amendment to conform to the proof would be to enlarge the time for commencing the action which is limited to one year under § 61–2–9, supra. They cite 36 Am.Jur. Mechanics' Liens § 244, as follows:

"Where a bill or petition to enforce a mechanic's lien is amended after the time limited by statute for commencing such suits, so as to state a new cause of action, *or for the first time any cause of action at all, the amendment amounts to the bringing of the suit, and the lien is barred.*" (Emphasis added by appellants.)

In Martinez v. Research Park, Inc., supra, there was neither pleading nor proof that the cross-claimant Marco had a license. We held that although the court's finding that he did have one could have been based on a stipulation between the parties such could not confer jurisdiction. There, we said:

" * * * This is not a situation where a complaint will be deemed amended to conform to proof admitted in evidence. Such a license was neither offered nor admitted in evidence, and, unlike Canavan v. Canavan, 17 N.M. 503, 131 P. 493, the doctrine of aider by verdict is not applicable to cure the defect." (75 N.M. at 679, 410 P.2d at 205.)

Although Perry's license was not tendered into evidence, the undisputed testimony was that he had held a license for ten years and had it at the time he was doing the work for which he claimed his lien. In Canavan v. Canavan, 17 N.M.

503, 131 P. 493 (1913), the claim was that the court had no jurisdiction in a divorce action where the complaint failed to recite the necessary one year residence of the plaintiff in this state. There, the necessary residence was established by the testimony of the parties, and no objection was made below to either the complaint or to this evidence. Although pointing out that lack of residence would be jurisdictionally fatal, this court, in discussing that situation, said:

" * * * And, speaking broadly, it presents a case where a litigant has litigated with his antagonist every fact material or relevant to the cause of action, and, having failed, he now seeks by the mere forms of law to defeat his antagonist and deprive her of the result of the litigation.

" * * *

"The fact of residence is not strictly a part of the cause of action between the parties for divorce. It bears no relation to the fact of marriage, or to the facts authorizing its dissolution. It is an arbitrary provision of law, founded upon wise considerations of public policy, which requires residence of the plaintiff for a given time before right of action arises. * * *

" * * *

" * * * But the omitted element of the cause of action may be brought into the record otherwise than by the complaint. In the case at bar, the omitted element, viz., the required residence of the plaintiff, was brought into the record by the proofs in the case, which are undisputed, and the fact is admitted by the defendant himself. The proofs are before us as a part of the record, from which we have a right to find, and we do find, that the required residence prior to the institution of the action existed. * * * So when the omitted fact is admitted in the evidence on an argument by the opposing party, he cannot complain of the defect in the appellate court. Bang v. McAvoy, 52 App.Div. 501, 65

N.Y.Supp. 467; Town of Schaghticoke v. Fitchburg R. Co., 53 App.Div. 16, 65 [Id.] 498." (17 N.M. 507 and 508, 131 P. 493–494.)

In Martinez v. Research Park, Inc., supra, and in Campbell v. Smith, 68 N.M. 373, 362 P.2d 523 (1961), we reversed because of failure of the contractor to allege that he had a license, but in both cases we instructed the trial court to grant leave to amend. Where the facts support the judgment for the licensed contractor, we have affirmed without remand even in absence of a finding. Boone v. Smith, 79 N.M. 614, 447 P.2d 23 (1968). Here, appellants made no objection to the evidence of the license and raised neither the jurisdiction nor the limitation question below. They requested no findings on either question. The requirement of the allegation of a contractor's license is similar to the requirement of one year's residence for a divorce. Both are matters of public policy; neither, otherwise, bears any relation to the cause of action. Where the record shows without dispute, that the claimant was licensed at the time he performed the work, an appellant who has failed to call the matter to the attention of the trial court cannot object to our treating an issue tried with consent of the parties as though it had been raised by the pleadings. Rule 15(b), supra; Canavan v. Canavan, supra; Wynne v. Pino, 78 N.M. 520, 433 P.2d 499 (1967). Furthermore, the intent of the legislature was to prohibit the bringing of suit by those unlicensed contractors who were acting illegally not to bar the remedy of lawful contractors because of a technical error in their pleadings. See Martinez v. Research Park, Inc., supra.

■ Appellants' final point is that the trial court abused its discretion in awarding attorney fees to the lien claimants. We disagree. On Blueher's claim of $2,-133.35, a $400 attorney's fee was allowed. The sum of $200 was allowed as fees on both Dar Tile's claim of $294.00 and Perry's claim of $639.60. Such fees are allowed as costs and were reasonable under the circumstances. Measday v. Sweazea,

78 N.M. 781, 438 P.2d 525 (Ct.App.1968). Section 61–2–13, N.M.S.A., 1953 Comp., also permits the court to allow additional attorney's fees for this appeal. Home Plumbing and Contracting Company v. Pruitt, supra.

■ Appellees Blueher and Dar Tile ask us to find that the trial court erred in not allowing interest at the rate of one percent per month on their claims. However, we cannot consider this question because their cross-appeal was not timely. The judgment herein was entered on May 13, 1969, and notice of appellants' appeal was served on these appellees on June 11, 1969. Not until October 22, 1969, was the cross-appeal of Blueher and Dar Tile filed bearing a certificate of service on opposing counsel on October 20, 1969. Our Rule 7(2) [§ 21–2–1(7) (2), N.M.S.A., 1953 Comp.] reads as follows:

"2. If such notice [of the appeal] be served after, or within fifteen [15] days before, expiration of the time within which appeals may be allowed, the party so served may himself have an appeal or writ of error if he shall make application therefor within fifteen [15] days after such service."

By our Rule 5(5) [§ 21–2–1(5) (5), N.M. S.A., 1953 Comp.] we eliminated the necessity of the application for and the allowance of an appeal. Such terms now refer to the filing of notice of the appeal. Appellees Blueher and Dar Tile, having failed to file notice of cross-appeal within 15 days of the service upon them of the notice of appeal, cannot now be heard, because we find that the principal appeal as to them is without merit. Conley v. Davidson, 35 N.M. 173, 291 P. 489 (1930); Frederick v. Younger Van Lines, 74 N.M. 320, 393 P.2d 438 (1964).

Thus we affirm the judgment of the trial court, except as to that portion relating to the claim of appellee James O. Carpenter, and remand it to the trial court so that it may exercise its discretion either to allow or disallow a reasonable attorney fee for the services of appellees' Blueher, Dar

Tile, and Perry's counsel before this court. The judgment granted Carpenter is reversed with instructions to dismiss his cross-claim as not timely brought.

It is so ordered.

COMPTON, C. J., and McKENNA, J., concur.