487 P.2d 414

**DESERT SPRINGS MOBILE HOME RANCHES, INC., an Arizona corporation, Appellant,**

v.

**JOHN H. WOOD CONSTRUCTION CO., an Arizona corporation, Appellee.**

**No. 1 CA–CIV 1415.**

Court of Appeals of Arizona, Division 1, Department A.

July 26, 1971.

Rehearing Denied Sept. 20, 1971.

Review Denied Oct. 19, 1971.

**194**

Kinney, Tipton, Ditsch & Potts, by C. Richard Potts, Phoenix, for appellant.

Dean J. Werner, Mesa, for appellee.

STEVENS, Presiding Judge.

The plaintiff-appellee, John H. Wood Construction Co., and the defendant-appellant, Desert Springs Mobile Home Ranches, Inc., entered into an agreement in the fall of 1964 whereby the Wood Company agreed to develop a parcel of real property owned by Desert Springs for use as a mobile home park. The agreement was in the form of a two-page memorandum which was signed by Mr. Robert E. Catt, Vice-President of the Wood Company and Mr. Barth Dillon, President of Desert Springs. Mr. Catt was also an officer in Desert Springs at that time. There was evidence that the venture was to be financed through mortgage money to be procured by Mr. Catt.

At all times pertinent to this case Mr. John H. Wood was President of the Wood Company. It is noted that in August 1965 Mr. Wood assigned his interest in the Wood Company to Mr. Catt.

The Wood Company commenced work on the project sometime in 1964 or 1965 and the work continued until late spring of 1965. The Wood Company held a valid contractor's license when the agreement was entered into in 1964 and continued to hold that license until 27 December 1964. The license was suspended by the Registrar of Contractors on that date for having failed to post a contractor's license bond. There was no attempt by the Wood Company to remove the suspension. The work that was done in 1965 was performed while the company was without a license in its own name. During this same period Mr. John H. Wood, individually, was a duly licensed contractor under the laws of the State of Arizona.

When the work ceased in 1965, Desert Springs refused to pay any amount because the construction activities did not result in an "operable, saleable" trailer park and because the plaintiff never obtained the financing for the venture. The Wood Company instituted this action against Desert Springs for breach of construction contract and for unjust enrichment. Desert Springs answered and counterclaimed alleging that the Wood Company had not completed the trailer park contemplated in the agreement of the parties and prayed for damages for breach of contract. The matter was tried before the court and jury and the issues were decided by verdicts and a judgment in favor of the Wood Company and against Desert Springs. Desert Springs filed a motion for new trial or in the alternative for judgment in accordance with its motion for directed verdict. This was denied by the trial court and this appeal followed.

Desert Springs urges that the Wood Company may not recover for breach of a construction contract because it failed to prove that it was duly licensed by the Registrar of Contractors when the cause of action arose as required by A.R.S. § 32–1153. The Wood Company contends that it could act as a general contractor in doing construction work for Desert Springs under its own contractor's license, or under a contractor's license of an individual responsible managing employee who would be supervising the work and fulfilling the purpose of the statutes and rules and regulations concerning building contractors. In other words the Wood Company relies on the fact that Mr. John H. Wood held at all times pertinent to this case a valid contractor's license in his own name and was President of the Wood Company.

■ The Court has recognized the continuing validity of an individual's own contractor's license, even though he was simultaneously the responsible managing employee for a corporate licensed general contractor. Security Insurance Company of New Haven v. David D. Day Const., 6 Ariz.App. 403, 433 P.2d 54 (1968). See also Rule 25, Rules and Regulations, Registrar of Contractors (as amended April 1964). Desert Springs asserts that there is nothing in the record to support a conclusion that John H. Wood was the responsible managing employee for the Wood Company. Desert Springs relies on the fact that John H. Wood left the company in August 1965 and that Robert Catt represented the company in negotiations with Desert Springs.

■ In our opinion there was sufficient evidence introduced during the trial for the trial court to find that John H. Wood was the responsible managing employee of the Wood Company as described in Rule 26, Rules and Regulations of the Registrar of Contractors (as amended February 1962). Several of the subcontractors that were called as witnesses testified that they dealt exclusively with Mr. John H. Wood. Mr. Wood was President of the Wood Company at all times pertinent to this case. He signed the applications for a building permit which were submitted to the Maricopa County Planning and Zoning Commission. Mr. Wood also testified that in doing the work which is the subject of this lawsuit, he intended to apply whichever license was appropriate to the work being done.

■ The question remains as to whether the Wood Company would be entitled to rely on the individual license of John H. Wood and thus be entitled to institute an action for breach of construction contract. If the Wood Company is not permitted to rely on that license, A.R.S. § 32–1153 prohibits it from recovering on the contract. The case of Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951), makes it clear that the Court may not exercise its equitable discretion and permit an unlicensed contractor to recover on the ground that a forfeiture would occur. That is the only permissible result where no license exists.

■ Such is not the situation in the case before us. The record discloses that Mr. John H. Wood was the responsible employee and that he held, individually, a

valid contractor's license. In our opinion this case does not fall within the ruling of the Northen case.

In Herman Chanen Construction Company, Inc., v. Northwest Tile and Terrazzo Company of Montana, 6 Ariz.App. 490, 433 P.2d 807 (1967), this Court found:

> "The true intent of the legislation contained in Arizona Revised Statutes, Title 32, Chapter 10, was to protect the welfare of the public dealing with persons engaged in the building contracting vocation and to afford such public protection against incompetent, inexperienced, unlawful and fraudulent acts of the building contractors with whom they contract. We have held its purpose is to regulate the conduct of those engaged in the business of contracting so as to discourage certain bad practices which might be indulged in to the detriment of the public. (Citation omitted.)." 6 Ariz.App. at 492, 433 P.2d at 809. See also Northen, supra.

Desert Springs received the full protection of the statute. A responsible party possessed a valid contractor's license at all times during construction. In our opinion, where a manifestly unjust and inequitable result would follow a holding that the plaintiff company was without a license and therefore without capacity to sue on its contract, the responsible managing employee or qualifying corporate officer or qualifying partner in whose name a valid contractor's license stood at the time the contract was made and at the time the cause of action accrued should be considered as one with the company. We believe that this view preserves the true intent of the Legislature in A.R.S. § 32–1153 to provide a shield for the public rather than a sword to defeat just claims. We hold that the trial court was correct in following the jury's verdicts and in concluding as a matter of law that John H. Wood's individual contractor's license would constitute sufficient compliance with the contractors' licensing statutes to allow the Wood Company to recover on its cause of action against Desert Springs.

In view of our holding that A.R.S. § 32–1153 did not bar the Wood Company from instituting its action against Desert Springs, it is not necessary for this Court to rule on the question raised by Desert Springs as to when the cause of action accrued.

The judgment of the trial court is affirmed.

CASE and HAIRE, JJ., concur.