501 P.2d 952

John B. CHICKERING, Appellant,

v.

GEORGE R. OGONOWSKI CONSTRUCTION CO., INC., a corporation, Appellee.

No. 2 CA–CIV 1176.

Court of Appeals of Arizona, Division 2.

Oct. 5, 1972.

Rehearing Denied Nov. 17, 1972.

Review Denied Jan. 2, 1973.

Holesapple, Conner, Jones, McFall & Johnson by A. O. Johnson, Tucson, for appellant.

Hirsch & Pakula by Arthur L. Hirsch, Tucson, for appellee.

KRUCKER, Chief Judge.

This appeal arises out of a lawsuit instituted by the appellee construction company to resolve a dispute between it and appellant, owner of a home built by the appellee. The suit sought foreclosure of a materialmen's lien in the amount of $6,938.82 for labor and materials allegedly furnished by the builder.

The pre-trial order set forth the following issues to be tried: (1) Whether the lien was valid; (2) the terms of the contract and whether there was a breach or anticipatory breach of such terms; (3) if so, whether such breach would prevent foreclosure of the lien; (4) whether there was a failure of consideration on the part of the builder; (5) whether the builder was estopped; (6) if the lien was valid, the amount to which the builder was entitled; and (7) whether the owner was entitled to an offset. As to the owner's counterclaim, the issues set forth were whether he was entitled to recover for breach of contract and/or filing of a wrongful lien, and if so, the amount thereof.

The case was tried to the court sitting without a jury and resulted in a judgment for appellee in the sum of $5,992.58.[1] The sum was declared a valid lien against the subject property and was ordered foreclosed.

Although appellant has presented numerous claims of error on appeal, we address ourselves to but one which we believe is dispositive. He contends, and we agree, that the builder's failure to plead and prove that it was a licensed contractor precluded entry of judgment in its favor. A.R.S. § 32–1153 provides:

"Proof of license as prerequisite to civil action

No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor when the contract sued upon was

---

1. This sum represented the amount determined by the court to be owing to the builder after deduction of the sums allowed to the owner as offset.

entered into and when the alleged cause of action arose."

■ ■ The courts of this State have consistently recognized that the purpose of the foregoing statute is protection of the welfare of the public dealing with persons engaged in the building-contracting vocation who are unqualified or incompetent. Sobel v. Jones, 96 Ariz. 297, 394 P.2d 415 (1964); Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951); Miller v. Superior Court in and for Pima County, 8 Ariz.App. 420, 446 P.2d 699 (1968); Herman Chanen Construction Co. v. Northwest Tile and Terrazzo Co. of Montana, 6 Ariz.App. 490, 433 P.2d 807 (1967). Equitable considerations cannot serve to relieve a party from compliance with the statutory requisite of a license notwithstanding judicial abhorrence of forfeiture. Northen v. Elledge, supra; Desert Springs Mobile Home Ranches, Inc. v. John H. Wood Construction Co., 15 Ariz.App. 193, 487 P.2d 414 (1971).

The record reflects that the builder neither alleged nor proved that it was licensed at the material times. Our Supreme Court has indicated that such allegation is "jurisdictional". Lee v. Molinsky, 77 Ariz. 184, 187, 268 P.2d 975, 977 (1954). Appellee maintains, however, that appellant is foreclosed from raising the license question for several reasons: (1) The question was not raised in the trial court; (2) appellant's pleading admitted the existence of a license; (3) A.R.S. § 32–1153 is not applicable to a suit to foreclose a materialmen's lien.

Division One of this court recently rejected a contention that a plaintiff's complaint did not state a claim for relief in that it did not allege that the plaintiff was a licensed contractor as required by A.R.S. § 32–1153. *See*, Van Waters and Rogers, Inc. v. Interchange Resources, 14 Ariz.App. 414, 484 P.2d 26 (1971). In that case, however, the plaintiff was suing on an assignment of the proceeds of a construction contract. The court stated:

"If this action had been brought by Paving [a paving contractor] against Van Waters for payment of the contract price it would have been necessary for Paving to comply with A.R.S. § 32–1153 and allege and prove that it was a duly licensed contractor. However, in a case such as the one at bar, where the assignee is suing on an assignment of the proceeds of a construction contract, the issue must be raised by the obligor (Van Waters) as defense matter . . . . Here Van Waters did not properly raise the defense for the consideration of the trial court so we must reject this contention. [Citation omitted]" 484 P.2d at 30–31.

The posture of the case of Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1966), bears a marked resemblance to the posture of the instant case. In *Martinez*, there was neither allegation nor proof that the contractors were duly licensed as required by statute. They had sought foreclosure of their respective liens and notwithstanding lack of allegation and proof thereof, the trial court found that one was licensed as a general contractor and the other licensed as an electrical contractor. On appeal, in support of the trial court's finding, they argued that the parties' stipulation that the only issue was that of posting a non-responsibility notice constituted waiver of failure to plead the existence of the license or an admission that they were licensed. The Supreme Court of New Mexico rejected this contention and held that the trial court lacked jurisdiction and therefore all proceedings were null and void. The case was remanded with instructions to vacate the judgment appealed from, to permit the contractor to amend his complaint "if he be so advised", and if amended to state a cause of action, to grant a new trial on all issues connected with his action.

In a later decision, Daughtrey v. Carpenter, 82 N.M. 173, 477 P.2d 807 (1970), the contractor had failed to allege that he was licensed. The record, however, indisputably showed that the contractor was licensed. The New Mexico Supreme Court

distinguished such situation from that in *Martinez*, supra. It stated:

"Where the record shows without dispute, that the claimant was licensed at the time he performed the work, an appellant who has failed to call the matter to the attention of the trial court cannot object to our treating an issue tried with consent of the parties as though it had been raised by the pleadings." [Citations omitted.] 477 P.2d at 812.

*See also*, Stephens v. Baker and Baker, 150 Cal.App.2d 558, 310 P.2d 73 (1957), where the court likewise on appeal treated the complaint as amended to contain the requisite allegation where the proof, admitted without objection, established the fact that the contractor was licensed.

 We do not agree with appellee that an exhibit attached to appellant's pleading constituted an admission that the appellee was properly licensed. The exhibit, a copy of the agreement between the parties, recited in part:

"THIS AGREEMENT . . . by and between GEORGE R. OGONOWSKI CONSTRUCTION CO., INC. of Tucson, Arizona, Contractor's License Number 23011 . . . ."

In the case of Lee v. Molinsky, supra, our Supreme Court held that the proper proof of "the jurisdictional allegation that plaintiff was a licensed contractor" is a certified copy of the license, which must have been issued and in effect at the time the contract sued upon was entered into *and* at the time when the cause of action arose. Even assuming *arguendo* that the exhibit constituted an admission that appellee was licensed as a general contractor at the time the contract was entered into, it certainly does not establish the additional prerequisite, i. e., that it was licensed at the time when the cause of action arose.

We summarily reject appellee's argument that A.R.S. § 32–1153 does not apply to foreclosure of a lien. An action to foreclose a lien is an action seeking "collection of compensation for the performance" of work for which a license is required. Martinez v. Research Park, Inc., supra; Albaugh v. Moss Construction Co., 125 Cal.App.2d 126, 269 P.2d 936 (1954); Lewis & Queen v. N. M. Ball Sons, 48 Cal.2d 141, 308 P.2d 713 (1957); Culbertson v. Cizek, 225 Cal.App.2d 451, 37 Cal.Rptr. 548 (1964); Bilt-More Homes, Inc. v. French, 373 Mich. 693, 130 N.W.2d 907 (1964).

For the foregoing reasons the judgment below is reversed. The case is remanded with instructions to vacate the judgment appealed from, to permit appellee to amend its complaint if it be so advised, and if amended to state a claim for relief, to grant a new trial on all issues.

HOWARD and HATHAWAY, JJ., concur.