561 P.2d 329

**B & P CONCRETE, INC., an Arizona Corporation, Appellant,**

v.

**Jack TURNBOW and Jane Doe Turnbow, his wife, Individually and dba APCON, Samuel Lewis Hutcheson and Jane Doe Hutcheson, his wife, Dick Richards and Jane Doe Richards, his wife, Individually and dba Hutcheson & Richards Enterprises, General Insurance Company of America, a Washington Corporation, Appellees.**

No. 1 CA–CIV 3039.

Court of Appeals of Arizona, Division 1, Department C.

Jan. 27, 1977.

Rehearing Denied March 4, 1977.

Leonard J. Mark, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P. C. by Jeffrey B. Smith, P. Michael Whipple, Phoenix, for appellees.

## OPINION

FROEB, Chief Judge.

This suit was brought by B & P Concrete, Inc., an Arizona corporation (referred to as B & P) to recover an unpaid balance due from a construction job. The trial court dismissed the action following a motion for summary judgment on the ground that B & P was not a duly licensed contractor and was barred from suit by reason of A.R.S. § 32–1153.

The complaint of B & P alleges, in substance, that in March, 1972, Appellees Hutcheson and Richards owned certain Phoenix property and signed an agreement with Appellee Jack Turnbow for the construction of certain buildings. In July, 1972, Turnbow entered into a written agreement with B & P to provide certain labor and materials for the job. The work by B & P was performed for a total charge of $13,276.42 of which $7,000 was paid, leaving a balance due of $6,276.42. The complaint sought recovery of this sum from Hutcheson and Richards, and also their bonding company, General Insurance Company of America.

The answer filed by appellees admitted the agreement and that certain sums arising from the contract were unpaid, but denied that the job had been done in a workmanlike manner. As affirmative defenses, appellees alleged that B & P breached the contract, and also that the complaint failed to state a claim.

Appellees presented a motion for summary judgment to the trial court on the ground that the contract between B & P and Turnbow was "void ab initio due to plaintiff's failure to obtain a valid contractor's license in Arizona." B & P responded by conceding that it has never been licensed as an Arizona contractor, but argued that the action was maintainable because its president and managing employee, Bradley Blomburg, was a licensed Arizona contractor when the B & P contract was entered into and throughout the period the work was performed. The contention was supported by an appropriate affidavit and was not contested by appellees. The trial court granted the motion and dismissed the complaint.

The basis for dismissal by the trial court is A.R.S. § 32–1153, which, at all material times in this case, read as follows: [1]

---

1. This statute was amended in 1973, adding language which is of significance to us in construing the legislative intent in this area. The amended statute (with our emphasis upon the amendatory language) is as follows:

   No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that *the contracting party whose contract gives rise to the claim* was a duly licensed contractor when the contract

   sued upon was entered into and when the alleged cause of action arose.
   Likewise, a companion statute, A.R.S. § 32–1151, was also amended in 1973. Prior to 1973, this section read:
   It is unlawful for a person, firm, partnership, corporation, association or other organization, or a combination of any of them, to engage in the business, act or offer to act in the capacity, or purport to have the capacity of contractor without having a license therefor as provided in this chapter, unless the person, firm, partnership, corporation, association or other organization is exempt as

"No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose."

■ At the outset, we note that B & P did not allege in its complaint that it possessed the requisite contractor's license, which fact alone would subject the complaint to dismissal by the court. However, appellees did not raise this issue, either in their answer or in the motion for summary judgment, and consequently we will not assume that the trial court considered this in its order of dismissal, nor will we uphold it on this ground on appeal.

B & P seeks to escape the unequivocal mandate of A.R.S. § 32–1153 by arguing that the license possessed by its president and managing agent satisfies the requirement of the statute. Although this court's decision in *Desert Springs Mobile Home Ranches, Inc. v. John H. Wood Construction Co.,* 15 Ariz.App. 193, 487 P.2d 414 (1971) supports this position, other decisions in Arizona are to the contrary.

In *Desert Springs,* the contractor's license of the Wood Construction Company had been suspended during the performance of the contract and no attempt thereafter was made to remove the suspension. Part of the work was done without a license in its own name; however, during the period involved, John H. Wood, the president of the company, was individually licensed as a contractor. The court held that the statutory requirement was satisfied since Wood was the responsible managing employee of the company. In so holding, the court found that the protections to the public intended by A.R.S. § 32–1153 were met under these circumstances and that it would be a manifestly unjust and inequitable result if the statute were construed so as to bar recovery of a just claim.

■ We think, however, that the legislative intent is clearly to bar suit under these circumstances, since only "just claims" are affected by it. "Unjust" claims, or claims upon which a court would not allow recovery, do not result in favorable judgments by the court in any event. It is specifically the "just" claims which the legislature had in mind in enacting A.R.S. § 32–1153. In barring suit by an unlicensed contractor, there seems little doubt that the legislative intent is to furnish protection to the public by strict licensing requirements even where harsh consequences fall upon those who do contracting work in good faith without an appropriate license.

The 1973 amendment to A.R.S. § 32–1153 bears this out. *Desert Springs* having been decided by this court two years before, the legislature closed the door on the very exception allowed by *Desert Springs* when it specifically provided a bar to a claim by an unlicensed "contracting party whose contract gives rise to the claim . . . ." The 1973 amendment to A.R.S. § 32–1151 is also supportive of this interpretation. (See Note 1, supra, and accompanying text.)

■ We think this is instructive as to the legislative intent prior to the 1973 amendment under the doctrine that an amendment which, in effect, construes and clari-

provided in this chapter. Evidence of securing a permit from a governmental agency or the employment of a person on a construction project shall be accepted in any court as prima facie evidence of existence of a contract.

Following the 1973 amendment, A.R.S. § 32–1151 read (with emphasis upon the amendatory language):

It is unlawful for a person, firm, partnership, corporation, association or other organization, or a combination of any of them, to engage in the business, act or offer to act in the capacity, or purport to have the capacity of contractor without having *his own license in his own name* therefor as provided in this chapter, unless the person, firm, partnership, corporation, association or other organization is exempt as provided in this chapter. Evidence of securing a permit from a governmental agency or the employment of a person on a construction project shall be accepted in any court as prima facie evidence of existence of a contract.

fies a prior statute will be accepted as the legislative declaration of the original act. *City of Mesa v. Killingsworth,* 96 Ariz. 90, 394 P.2d 410 (1964); *Neil B. McGinnis Equipment Co. v. Henson,* 2 Ariz.App. 59, 406 P.2d 409 (1965).

If the amended statute were applied to the present fact situation, there is no doubt that the B & P claim would be barred notwithstanding that its president and managing employee had the required license. Other Arizona decisions, both before and after *Desert Springs,* reflect the strict application of A.R.S. § 32–1153 which we think is required.

In *Northen v. Elledge,* 72 Ariz. 166, 232 P.2d 111 (1951), a contractor's license expired after execution of the contract and commencement of performance, but before completion. In denying recovery under the predecessor to A.R.S. § 32–1153, the Supreme Court held:

> It may be urged that the court should exercise its equitable discretion and permit the plaintiff recovery even in face of a specific prohibition in the statute on the ground that an unreasonable forfeiture would result. However, the statute requiring a contractor to possess a contractor's license before he may recover for work done was designed for the protection of the public and must not be defeated in order to accommodate one who has violated the provisions of the statute. Permitting an unlicensed contractor to recover on the ground that a loss would result to him otherwise would completely nullify the statute since every unlicensed contractor would sustain a loss or forfeiture unless he were allowed recovery. The remedy, if any, lies with the legislature. As the law stands, the court cannot countenance such a result. 72 Ariz. at 173, 232 P.2d at 116.

*Sierra Madre Development, Inc. v. Via Estrada Townhouses Association,* 20 Ariz. App. 550, 514 P.2d 503 (1973), was decided by Division Two of the Court of Appeals after the 1973 amendment to A.R.S. § 32–1153, but involved the prior statute. Although the case discussed A.R.S. § 32–1153

in connection with whether or not a defamation action would lie, the court reasoned, as we do here, that A.R.S. § 32–1153 would bar a claim where the contracting party, a corporation, was unlicensed, notwithstanding that its president held a valid license. In its decision, the court found *Desert Springs* not persuasive, particularly in view of the 1973 amendment to A.R.S. § 32–1153. An earlier case decided by Division Two of the Court of Appeals similarly upheld a strict application of A.R.S. § 32–1153 in denying a recovery by an unlicensed contractor. *Miller v. Superior Court,* 8 Ariz. App. 420, 446 P.2d 699 (1968).

While we have decided we will not follow *Desert Springs* in light of the 1973 amendment of A.R.S. § 32–1153, our ruling will not affect this and other cases involving substantially similar facts arising out of contracts entered into after the decision in *Desert Springs* and before the effective date of the 1973 amendment. We, therefore, accord precedential effect to *Desert Springs* for this period, because rights may have arisen in reliance upon the decision in that case which would be unfairly denied if our holding were otherwise. This is in accord with the established principle that a court overruling a prior decision may declare whether the decision shall be given prospective effect only. See *Hollywood Continental Films v. Industrial Commission,* 19 Ariz.App. 234, 506 P.2d 274 (1973).

Although the trial court correctly interpreted the law in deciding this case, we must vacate the judgment because of the effect we give to *Desert Springs* heretofore noted and therefore remand the case for further trial proceedings in accordance with our opinion.

JACOBSON, P. J., and HAIRE, J., concurring.