570 P.2d 801

**Alfred Werner SCHLICHT, dba A. B. Construction, Appellant,**

v.

**Cornelius J. CURTIN, III and Phyllis Curtin, his wife, Appellees.**

**No. 1 CA–CIV 3281.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 7, 1977.

Rehearing Denied Oct. 7, 1977.

Review Denied Oct. 25, 1977.

Tanner, Jarvis & Owens by Melvin J. Owens, Phoenix, for appellant.

Harrison, Myers & Singer, P. C. by Howard N. Singer, Noel K. Dessaint, Phoenix, for appellees.

OPINION

SCHROEDER, Presiding Judge.

This appeal arises from an action by a contractor to enforce a lien to recover the price for work on a home being constructed by appellees. The trial court granted summary judgment for the defendants, Mr. and Mrs. Curtin. We affirm the decision of the trial court because at the time this construction contract was entered into and performed, the appellant contractor did not have the appropriate contractor's license and was barred from maintaining this action by virtue of the provisions of A.R.S. § 33–981(C) and A.R.S. § 32–1153.[1]

---

1. A.R.S. § 33–981(C) reads as follows:

"A person who is required to be licensed as a contractor but who does not hold a valid license as such contractor issued pursuant to title 32, chapter 10, shall not have the lien rights provided for in this section."

A.R.S. § 32–1153 reads as follows:

"No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that the contracting party whose contract gives rise to the claim was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose."

The construction contract between the parties was for the performance of masonry work and the appellees, either themselves or through an agent, acted as the general contractors supervising the overall construction of the house. At all times relevant to this case, the appellant held a B-2 contractor's license entitling it to do residential work as a general contractor, but had not obtained a C-31 specialty license to do masonry work.

Our contractor licensing statutes recognize three different overall classifications of contracting. They are general building contracting, general engineering contracting (with which we are not concerned in this case), and specialty contracting. A.R.S. § 32–1102. A general building contractor is described in part as a contractor whose business is in connection with structures and requiring "the use of more than two unrelated construction trades or crafts . . .." A.R.S. § 32–1102(1). Specialty contracting is defined as "the performance of construction work requiring special skill . . .." A.R.S. § 32–1102(3).[2]

To implement the provisions of the chapter, the legislature has specifically authorized the Registrar to effect the classification of contractors, and to "limit the field and scope of operations of a licensed contractor within any of the branches of the contracting business . . .." A.R.S. § 32–1105(A). The statutes also clearly contemplate that a contractor may be licensed in more than one classification after meeting the qualifications prescribed by the Registrar for additional licenses. A.R.S. § 32–1105(B).

Pursuant to this authority, the Registrar of Contractors has established a system of classifications which, for specialty trades, includes more than 60 different specialties. One of these is a classification for masonry contracting.

Also pursuant to the statutory authority, the Registrar promulgated a rule in effect during the time relevant to this case and designated Rule 11. It provided in pertinent part:

"General contractors (Class A, B, B-2, and B-3) may do all or any part of the work required to be done under any contract which they, under their licenses, are authorized to enter into; they may not, however, bid or do work as specialty contractors on buildings or other structures for the construction of which they do not have the contract unless they have prior thereto duly qualified with the Registrar for such work or such specialty contracting."

The appellant's contract was not a general contract involving more than two trades, but was a specialty contract involving only one trade. Since the appellant had only a general contractor's license, the contractor was clearly in violation of Rule 11.

Appellant's position is based upon language in both A.R.S. § 32–1102 and Rule 11 that a general contractor may do "all or any part" of the work required under a general contract. Appellant argues that since under the rule and statutes he could have performed the masonry work if he had had the general contract for construction of the entire house, he should be permitted to bid as a specialty contractor on the masonry work alone, even though someone else was acting as general contractor. We disagree. Such a result would not only squarely conflict with Rule 11, but would be inconsistent with the legislative intent to distinguish

**2.** A.R.S. § 32–1102(1) and (3) provide:

"1. General building contracting. A general building contractor is a contractor whose principal contracting business is in connection with any structure built, being built, or to be built for the support, shelter and enclosure of persons, animals, chattels or movable property of any kind requiring in its construction the use of more than two unrelated construction trades or crafts, or to do or superintend the whole or any part thereof, but does not include a person who merely furnishes materials or supplies as provided in § 32–1121 without fabricating them into or consuming them in performing the work of the general building contractor.

"3. Specialty contracting. A specialty contractor is a contractor whose operations as such are the performance of construction work requiring special skill and whose principal contracting business involves the use of specialized construction trades or crafts."

**32**

between licenses of general contractors and specialty contractors.

Appellant relies upon *Arnold Construction Company, Inc. v. Arizona Board of Regents,* 109 Ariz. 495, 512 P.2d 1229 (1973). That case, however, dealt with the type of general contractor's license required for the initial phase of construction of a public building. The case did not concern a general contractor acting as a specialty contractor.

Appellant also argues that we should refuse to enforce the statute and regulations requiring proper licensing because a denial of recovery would be a harsh result in this case. He emphasizes that after performing this work, he did obtain a masonry contracting license. The statute requires, however, that a contractor have the requisite license at the time the work is bid and performed. A.R.S. § 32–1153. Moreover, this Court in *B & P Concrete, Inc. v. Turnbow,* 114 Ariz. 408, 561 P.2d 329 (Ariz.App. 1977), rejected a similar argument that A.R.S. § 32–1153 should bar only "unjust claims." The Court stated, "there seems little doubt that the legislative intent is to furnish protection to the public by strict licensing requirements even where harsh consequences fall upon those who do contracting work in good faith without an appropriate license." *B & P Concrete, supra,* 561 P.2d at 331.

Appellant in his brief relies on *Desert Springs Mobile Home Ranches, Inc. v. John H. Wood Construction Co.,* 15 Ariz.App. 193, 487 P.2d 414 (1971). The Court in *Turnbow* expressly rejected the reasoning of *Desert Springs* as being contrary to legislative intent to require strict licensing. *See also Sierra Madre Dev., Inc. v. Via Entrada Town. Ass'n,* 20 Ariz.App. 550, 514 P.2d 503 (1973). Appellant cites other cases: *Sobel v. Jones,* 96 Ariz. 297, 394 P.2d 415 (1964); *Rosen v. Hadden,* 81 Ariz. 194, 303 P.2d 267 (1956); *Hunter Contracting Co. v. Sanner Contracting Company,* 16 Ariz.App. 239, 492 P.2d 735 (1972). None of these authorities concerns a contractor who failed to obtain

the license required to do the work involved.

The judgment is affirmed.

EUBANK and NELSON, JJ., concur.