675 P.2d 1385

Charles A. BERTHOT, dba Berthot Constructors, Plaintiff-Counterdefendant, Appellee,

v.

COURTYARD PROPERTIES, INC., an Arizona corporation; George M. Ireland; John Does 1 through 10; George M. Ireland, a professional corporation; Ireland, Lange and Larson, a professional corporation; and Doe Corporations 1 through 10; and the unknown heirs and devisees of any of the above, if deceased, Defendants-Counterclaimants, Appellants.

No. 1 CA–CIV 6056.

Court of Appeals of Arizona, Division 1.

Dec. 22, 1983.

Charles Anthony Shaw, Prescott, for plaintiff-counterdefendant, appellee.

George M. Ireland, P.C. by John R. Perry, Prescott, for defendants-counterclaimants, appellants.

## OPINION

HOWARD, Chief Judge.

Appellee sued appellants for breach of a building construction contract and foreclosure of a mechanic's lien, alleging that appellants still owed a balance on the contract of $8,359.11 which they refused to pay. The complaint also alleged that Yavapai Savings & Loan Association had in its possession $3,242.28 of the contract price which should have been paid to appellee on November 26, 1975, but which was not paid since appellee refused to file a release of the mechanic's lien which had previously been filed. Appellee prayed for interest on the $3,242.28.

Appellants answered and filed a counterclaim. The case eventually was tried before a jury which awarded appellee $8,359.11 and denied appellants any relief on their counterclaim. The trial court also awarded appellee prejudgment interest on the $8,359.11, dating from November 26, 1975, interest on the $3,242.28, and foreclosed the mechanic's lien.

Appellants contend the trial court erred in (1) denying their motion for a directed verdict; (2) precluding the admission into evidence of a letter, and (3) awarding prejudgment interest on both sums. We affirm.

■ Appellants moved for a directed verdict at the close of appellee's case on the ground that appellee had failed to prove he was a licensed contractor when he entered into the contract and when the work was done. See A.R.S. § 32–1153 and *Lee v. Molinsky*, 77 Ariz. 184, 268 P.2d 975 (1954). Appellants contend the trial court erred in denying the motion. We do not agree. Admitted into evidence was an original contractor's license issued to appellee on November 26, 1973. The license states, on its face, that it must be renewed by June 30 of each year. Appellee testified, without objection, that he was still licensed under the same license when he did the work and when he filed the lawsuit in 1976. In *Lee v. Molinsky*, supra, the court held that, under the best evidence rule, plaintiff could not prove the necessary existence of a license by means of a directory of contractors which the Registrar of Contractors is required to prepare. The court stated:

"... The proper proof is a certified copy of the license, which must have been issued and in effect at the time the contract sued upon was entered into and at the time when the cause of action arose." [1] 77 Ariz. at 187, 268 P.2d 975.

Appellants contend appellee failed to properly file his license because he did not offer into evidence a certified copy of a "renewal certificate" or introduce a receipt showing the payment he made each year in order to renew the license, or introduce testimony by the registrar that his license had been renewed and had not been revoked during any of the critical periods. We do not agree. There was no evidence that there was such a document as a "renewal certificate." The original license plus appellee's testimony constituted a prima facie case and complied with A.R.S. § 32–1153.[2]

■ At the trial appellants offered in evidence a letter in which appellee alleged-

---

1. In the later case of *State v. Woolery*, 93 Ariz. 76, 378 P.2d 751 (1963) the court stated that the best evidence rule was misapplied in *Lee v. Molinsky*, supra. See also *Love v. Double 'AA' Constructors, Inc.*, 117 Ariz. 41, 570 P.2d 812 (App.1977).

2. A.R.S. § 32–1104(A)(3) stated at the time the instant case arose that the registrar shall "[f]urnish a certified copy of any license issued or an affidavit that no license exists, or the cancellation or suspension thereof, upon receipt of a fee of $3.00, and such certified copy shall be received in all courts and elsewhere as prima facie evidence of the facts stated therein...."

ly admitted he owed appellants $2,044.45 for attorney's fees and rent. Appellants contend the trial court deprived them of an admitted setoff by its failure to allow the admission of this letter. We do not agree. The exhibit was not listed on the pretrial statement as an exhibit and that was reason enough for exclusion. *Norman v. Del-Elia,* 111 Ariz. 480, 533 P.2d 537 (1975). Furthermore, the issue of the alleged setoff was never raised in the pleadings and made an issue in the pretrial statement. This was a second reason for precluding its admission. See *Fruth v. Divito,* 26 Ariz. App. 154, 546 P.2d 1163 (1976). There is also a third reason why the letter was not admissible. Appellee testified that he did not feel the credits were owing to Ireland. The effect of his entire testimony was that he gave these credits in the letter solely to get matters settled quickly. An offer of compromise or settlement is not admissible. *J & B Motors, Inc. v. Margolis,* 75 Ariz. 392, 257 P.2d 588 (1953); Rule 408, Arizona Rules of Evidence, 17A A.R.S.

Appellants contend that appellee was not entitled to prejudgment interest because of the lack of a definite "demand date." We do not agree. The general rule in Arizona is that prejudgment interest is awarded if the claim for payment is liquidated prior to judgment. *Banner Realty, Inc. v. Turek,* 113 Ariz. 62, 546 P.2d 798 (1976). All that is required for claims to be liquidated is that the plaintiff provide a basis and testimony for precisely calculating the amounts claimed for extra work once that work has been completed. *Fairway Builders, Inc. v. Malouf, etc.,* 124 Ariz. 242, 603 P.2d 513 (App.1979). The evidence here was that appellee met with George Ireland at Ireland's office on November 26, 1975, and orally demanded the balance of $8,359.11 which was due. It was liquidated, at the latest, at that time.

Appellee is also entitled to prejudgment interest on the $3,242.28, the balance due on the original contract (the $8,359.11 was for extras). It was in the builder's escrow contract which the escrow agent refused to pay to appellee because appellee would not release his mechanic's lien. Appellants' argument that it was appellee's conduct which resulted in the failure of his securing this money, to-wit its failure to release the mechanic's lien, is without merit. Appellee did not have to sacrifice his mechanic's lien which was filed because of the wrongful refusal of appellants to pay the extras.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).