[Civil No. 3801.   Filed June 1, 1937.]

[68 Pac. (2d) 673.]

Probate No. 507, In the Matter of the Estate of KATHERINE GILBERT, Deceased; and Probate No. 533, In the Matter of the Estate of H. J. GILBERT, Deceased (Consolidated): G. J. OIE, Appellant, v. JAMES J. MOSS, Trustee, and OATMAN EASTERN GOLD MINES COMPANY, a Corporation, Appellees.

(1)

Mr. Carl G. Krook, for Appellant.

Mr. Louis L. Wallace, for Appellees.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Mohave county, confirming and accepting a certain written bid for the purchase of mining stock belonging to the estates of Katherine Gilbert and H. J. Gilbert, deceased. The facts may be stated as follows:

Katherine Gilbert and H. J. Gilbert, husband and wife, were the owners of certain shares of stock of the Princess Gold Mine, Inc., a corporation. Katherine Gilbert died first, and while her estate was in the process of administration, her husband also passed away. E. J. Laferriere was appointed administrator of each of the estates, and J. H. Smith was his attorney. On February 20, 1936, the administrator entered into a contract with G. J. Oie, hereinafter called appellant, for the sale and purchase of the stock owned by the two estates, the price being fixed at $2,250 each, and on February 27th he filed in each of said estates a petition for an order authorizing and confirming such sale, to which was attached a copy of his agreement of sale. The matter was heard on March 23d, and James J. Moss appeared and filed his objection to the granting of the petition. After two continuances, the matter was finally determined on March 27th, and an order made authorizing the administrator to sell the stock at public auction, in the manner provided by law, but refusing to confirm the sale by private agreement. The sale was duly held on April 8th, and there were present thereat, among others, appellant, Moss,

and L. L. Wallace, the attorney for Moss and for Oatman Eastern Gold Mines Company, hereinafter called the company. Appellant bid at such sale $4,500 for the entire holding of both estates, no other bid being made by any person. On April 20th a hearing was had on the return of the sale, at which time Moss and the company objected to the confirmation, on the ground that the bid was inadequate, and submitted an oral counter bid, one for $6,000 and the other for $7,500, the amount varying on account of the terms of the bid, and requested that the court reject the bid of Oie, and the property either be re-advertised for sale or that the bid of Moss and the company be accepted. A hearing on this was continued to April 22d, when an order was made as follows:

"The Court orders that this hearing be continued to Saturday, April 25, 1936, at 10:00 o'clock A. M., to give opportunity to the objector, J. J. Moss, to present a written cash bid of at least ten per cent (10%) greater than the amount of the bid offered at sale, and in the event such bid is made, property will be ordered re-sold, and if not, then the bidder G. J. Oie is to be notified by the Clerk by registered mail, and is to be allowed five days after receipt of said notice in which to pay the administrator in cash, the amount of his bid made at the sale, whereupon the sale is to be confirmed and conveyances made to him as provided by law."

At the time of this order there were present Moss and his attorney, the administrator and his attorney, and Oie, the successful bidder. On April 25th the matter was again taken up, there being present the administrator with his counsel, and the counsel for Moss and the company, Oie being absent. The minute entry shows the following proceeding:

"Above causes coming on on continuance from April 22, 1936, for further hearing and decision of the Court

on return of sale of personal property, and objections thereto.

"Mr. Wallace submits and files written bid in support of his oral bid made April 22, and presents his argument in support of same, and The Court orders that this bid is accepted, and confirmation of sale of personal property is ordered, said bid being for $5,000.00 cash."

And a formal order confirming the sale was immediately filed. Oie, on the 24th day of June, filed a notice of appeal from the order, in the following language:

"To Oatman Eastern Gold Mines Company, a corporation, and Jas. J. Moss, Trustee, and to Louis L. Wallace, Esq., their attorney:

"Notice is hereby given that G. J. Oie appeals to the Supreme Court of the State of Arizona from that certain order made and entered in the above entitled consolidated probate matters in said Court on the 25th day of April, 1936, rejecting the bid of G. J. Oie, made at public auction on April 8, 1936, for the purchase of the joint holdings of said estates of the capital stock of Princess Gold Mines Incorporated, a corporation, and accepting and confirming the written bid of Oatman Eastern Gold Mines Company, a corporation, and Jas. J. Moss, trustee, for the purchase of said stock presented and filed by them in Open Court on April 25, 1936; and from the order of said Court in said consolidated probate causes made and entered upon the minutes of said Court on April 25, 1936, whereby the written bid of Oatman Eastern Gold Mines Company, a corporation, and Jas. J. Moss, trustee, presented and filed by them on said April 25, 1936, is accepted and confirmed."

No notice of appeal was ever given to the administrator. The clerk having estimated the amount of probable costs on appeal at $100, the following instrument was filed with the clerk, together with the $200 cash referred to therein:

"Money Deposit in Lieu of Bond on Appeal to the Supreme Court.

"Be it known, that I, G. J. Oie, appellant, have this day deposited with the Superior Court aforesaid the sum of Two Hundred Dollars ($200.00) lawful money of the United States of America, being double the amount of estimated probable costs of both the Supreme Court and the Superior Court, in lieu of appeal bond, the same to be paid to Oatman Eastern Gold Mines Company, a corporation, and Jas. J. Moss, trustee, appellees, the condition of such payment and obligation being such that,

"Whereas, the above named G. J. Oie has appealed to the Supreme Court of the State of Arizona from that certain Order of Confirmation of Sale of Personal Property entered in the Superior Court aforesaid in the above entitled consolidated matters on the 25th day of April, 1936, in favor of said Oatman Eastern Gold Mines Company, a corporation, and Jas. J. Moss, trustee, and against the said G. J. Oie.

"Now, therefore, if the said G. J. Oie, appellant, shall prosecute said appeal to effect and shall pay all costs which have accrued in the Superior Court or which may accrue in the Supreme Court, then this obligation shall be void, otherwise to remain in full force and effect."

It will be noted that the administrator was not mentioned in this instrument in any manner.

When the record on appeal was brought up, a motion to dismiss the appeal for lack of a necessary party, to wit, the administrator, was made by the appellees. The motion, however, was not determined at that time, but was ordered to be passed for hearing and determination at the time the case was disposed of on its merits. The case was then briefed, argued, and submitted in the regular manner.

■■ The first matter for our consideration is naturally the motion to dismiss on the ground of the lack of a necessary party. It is, of course, the rule that all parties to an action, whose interest will be

affected by a reversal of the judgment appealed from, must be made parties to appellate proceedings, and if they are not brought in, the appeal must be dismissed. It is not necessary to cite authorities on this point, for it is elementary. The question before us is whether the administrator is such a necessary party. In the case of *Neil* v. *Chrisman*, 26 Ariz. 566, 229, Pac. 92, 93, we have laid down the test to be applied in order to determine who is a necessary party to an appeal, in the following language:

"Paragraph 1234, 1913 Civil Code, provides:

" 'An appeal shall be taken by the party taking the same giving notice of appeal in open court, which shall be entered in the minutes of the court, or by a written notice which shall be served upon the adverse party or his attorney, and filed with the clerk of the superior court.'

"Whether or not McCluskey is an adverse party determines the necessity for making him a party to this appeal. Will he be affected one way or another by the action of this court in this case? . . .

" 'Adverse party' has been defined by a great many courts. In the case of *Senter* v. *De Bernal*, 38 Cal. [637] 640, 'adverse party' is defined as:

" 'Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken.'

"In *Williams* v. *Association*, 66 Cal. [193] 195, 5 Pac. 85, it was held that the court did not have jurisdiction to hear an appeal from a judgment, unless the appellant had served the notice of appeal upon the adverse parties; that is to say, upon all whose rights might be affected by a reversal of the judgment, or, where the appeal was from part of the judgment, by a reversal of the part appealed from. In *Power & Bro.* v. *Murphy*, 26 Mont. 387, 68 Pac. 411, it was said:

" 'A party is adverse who has an interest in opposing the object sought to be accomplished by the appeal.' "

■ The matter may be summed up by saying that a necessary party is one who has an interest in opposing the object sought to be accomplished by the appeal. We have not been cited to any cases, either by appellant or the appellees, bearing directly upon the question of whether an administrator is a necessary party on an appeal from an order confirming the sale of property of his estate. We think, however, the answer is plain. It is, of course, the primary duty of the administrator to protect the interest of the estate. Any action which may affect that interest adversely is, therefore, one which he, as administrator, has an interest in opposing, and it would appear that when the question to be determined by the appeal is whether certain property of the estate shall be exchanged for money, it is matter in which the estate is vitally interested. It is the duty of the administrator, when a sale is to be made of such property, to see that the best possible price is obtained for the estate, and when the confirmation of a sale is pending, it is not only his right, but his duty, to appear and take such action either in support of, or objection to, the confirmation as seems to him to be in the best interest of the estate.

■ In the present proceeding the bid confirmed by the court was $5,000 cash, and that amount is presumably now in the possession of the administrator, in lieu of the stock of which it was the purchase price. If the order is reversed, the administrator must deplete the assets of the estate of $5,000 as the result of an appeal in which he had no opportunity to be heard. As was said by appellant in his brief, mining stock fluctuates greatly in value, and for that reason is generally classified with perishable personal property. It may well be that at the present time such stock has so depreciated in value as to be practically worthless and that a new sale thereof would produce little or

nothing for the estate. If such be the case, a reversal of the order would deplete the assets of the estate by the $5,000 cash which it now has, in exchange for something of no value. Can it be said that in such circumstances the administrator had not an interest in opposing the object to be sought by the appeal? Of course, the opposite may be true, and the stock may now be worth much more than the $5,000 paid for it, and, in such case, it would clearly be to the interest of the administrator to secure a reversal of the order appealed from. But in either case, *his interest will be affected by the result of the appeal,* and we think that when such is the fact, he should be made a party, so that he may have the opportunity of choosing whether he will oppose or support the appeal. We hold, therefore, that an administrator is a necessary party to an appeal from any order confirming or disapproving the sale of the property of his estate. Such being the case, the failure of the appellant to make the administrator a party to this appeal necessarily compels its dismissal.

The appeal is dismissed.

McALISTER, C. J., and ROSS, J., concur.