630 P.2d 35

Charles B. BURROWS, Sr., dba Burrows Concrete Company, Plaintiff-Appellee,

v.

Thomas H. TAYLOR and Gladys Taylor, his wife; and John W. Hackett and Lillie Hackett, his wife, Defendants-Appellants.

No. 1 CA–CIV 4742.

Court of Appeals of Arizona, Division 1, Department B.

March 31, 1981.

Rehearing Denied May 28, 1981.

Review Denied June 16, 1981.

Alston, Edwards, Scott & Novak, P. C. by Gerald W. Alston, Phoenix, for plaintiff-appellee.

Minne & Sorenson by Richard Minne, Phoenix, for defendants-appellants.

Robert K. Corbin, Atty. Gen. by Patrick M. Murphy, Chief Counsel, Financial Fraud Division, David M. Talamante, Asst. Attys. Gen., Phoenix, for registrar of contractors (amicus curiae).

## OPINION

JACOBSON, Judge.

The threshold issue in this appeal is whether the Registrar of Contractors is a necessary party to an appeal from a judgment of the superior court nullifying an order of the Registrar that suspended a contractor's license for a period of 90 days.

The procedural background of this matter is set forth merely to frame the picture this appeal presents. On September 16, 1976,

the Registrar of Contractors sent notice to the appellee, Charles R. Burrows, Sr., dba Burrows Concrete Company (contractor), that the surety on the bond for the contractor was canceling the bond that qualified it for a contractor's license. This notice sent pursuant to A.R.S. § 32–1152(E) stated that unless the contractor provided the necessary bond or cash deposit, the contractor's license would be suspended on October 16, 1976. (There is no question that in fact the notice was sent, however, the contractor denies actually having received this notice. The Registrar, at hearing, determined this issue adversely to the contractor.)

The contractor failed to furnish the necessary bond and the Registrar suspended its license. Thereafter, the appellants Thomas H. Taylor and John W. Hackett filed a complaint with the Registrar alleging that the contractor was engaging in the contracting business while its license was suspended. Taylor and Hackett are business agents for the Cement Mason's Union and the Carpenter's Union respectively. They were not parties to any contracts entered into by the contractor while its license was suspended. Their complaint was filed shortly after the contractor declined to be a signatory to their union labor agreements.[1]

On November 28, 1976, the contractor received notice of these charges and on November 29, 1976, it made the necessary cash deposit to reactivate its license.

Thereafter, the matter proceeded to a hearing on the charge of contracting while the license was suspended. The Registrar in essence found that the contractor had in fact contracted while its license was suspended; that it was properly notified of the suspension; and that it knew or should have known of the cancellation of its bond. Based upon these findings, the Registrar suspended the contractor's license for a period of 90 days.

The contractor timely sought review of this ruling in Superior Court, pursuant to the Administrative Review Act. (A.R.S. § 12–901 et seq.) In that proceeding the contractor appeared as plaintiff and Taylor, Hackett and the Registrar appeared as defendants. Based upon the contractor's motion for summary judgment, the superior court granted judgment in favor of the contractor and nullified the Registrar's order of suspension.

Only Taylor and Hackett appealed that judgment, and they failed to make the Registrar a party to this appeal by service of any appellate pleadings on him in accordance with Rule 4(b), Rules of Civil Appellate Procedure. At the time of oral argument in this matter, this court raised, sua sponte, the issue of whether the Registrar was a "necessary party" to the appeal. Leave was granted to file supplemental briefs on this issue. Further leave was granted to the Registrar of Contractors to appear as amicus curiae on this issue and the matter has now been presented for disposition.

It is basically the appellants' position that based upon *International Brotherhood of Electrical Workers Local Union 640 v. Kayetan,* 119 Ariz. 508, 581 P.2d 1158 (App. 1978), the Registrar's role is an adjudicative/passive one and therefore the Registrar is not a necessary party to the appeal. The appellee contends that based upon A.R.S. § 12–908 which requires the Registrar's presence before the superior court the Registrar is an indispensable party before that tribunal and hence must be a necessary party on appeal.

■ We start with the proposition of law that all parties to an action whose interest will be affected by the result of the appeal must be made parties to the appellate proceedings or the appeal must be dismissed. *Estate of Gilbert,* 50 Ariz. 1, 68 P.2d 673 (1937). The question then becomes whether the Registrar of Contractors whose decision is the subject matter of an appellate proceeding has an interest which will be affected by the result of that appeal.

1. Since the issues have not been raised by the parties, we do not determine whether Taylor or Hackett have standing under A.R.S. § 32–1154 to file the complaints initially with the Registrar or whether they are "aggrieved parties" on appeal under Rule 1, Arizona Rules of Civil Appellate Procedure.

In *Kayetan* we had occasion to consider whether a final judgment in favor of a contractor in a proceeding which sought to have the contractor's license revoked or suspended rendered moot an appeal where the only parties before the court were the complainant and the Registrar. In holding that indeed the appeal was moot we characterized the role of the Registrar in the superior court as one that "may be a passive one" and the Registrar as "simply the determining/certifying party." While these statements in the context of the facts of *Kayetan* were generally correct, in determining the true interest of the Registrar, they may have been an oversimplification.

The Registrar of Contractors is the chief administrative officer established by statute to administer Title 32, Chapter 10 of the Arizona Revised Statutes dealing with the profession of building construction. A.R.S. § 32–1103. Among the Registrar's duties are the adoption of minimum standards for good and workmanlike construction, A.R.S. § 32–1104(A)(6); setting qualifications and testing for licensees, § 32–1122; assuring the integrity and qualification of licensees, A.R.S. § 32–1124.01; assuring the qualifications of sureties on contractors' bonds, A.R.S. § 32–1152; and last but not least, through the power to revoke or suspend a contractor's license, enforcing acceptable standards in the trade, A.R.S. § 32–1154 et seq.

■ In short, while the Registrar's duties in a decisional capacity may be neutral, the Registrar is charged with the overall responsibility of protecting the welfare of the public dealing with persons engaged in the building contracting vocations and afford that public protection against incompetent, inexperienced, unlawful and fraudulent acts of building contractors. *Chickering v. George R. Ogonowski Construction Co., Inc.,* 18 Ariz.App. 324, 501 P.2d 952 (1972); *Sobel v. Jones,* 96 Ariz. 297, 394 P.2d 415 (1964).

With this purpose in mind, we turn to the Administrative Review Act and A.R.S. § 12–908, thereof which provides:

> In an action to review a final decision of an administrative agency, the *agency* and all persons, other than the plaintiff, who are parties of record in the proceedings, shall be made defendants. (Emphasis added.)

■ Thus it is clear, at the superior court level, that the Registrar, by statute, must be made a party to a review of its decision. A similar statute was interpreted in *Cissell v. Colorado State Board of Assessment Appeals,* 38 Colo.App. 560, 564 P.2d 124 (1977), where a party seeking a judicial review of an administrative agency decision failed to join one of the administrative agencies responsible for the decision. The court noted:

> [F]ailure to join an indispensable party in an action for review of an administrative proceeding is a defect of constitutional proportion requiring dismissal of the action [Citations omitted.]
>
> The language of § 24–4–106(4), C.R.S. 1973 [similar to A.R.S. § 12–908] is mandatory in effect. [Citation omitted.] And, we are not at liberty to disregard the clear legislative intent that all parties to an agency action must be made parties to a proceeding for judicial review. [Citations omitted.] Thus, we conclude that for purposes of judicial review in this case, the county board was an indispensable party . . . .

564 P.2d at 126–7. We agree with the reasoning of the Colorado court that, by statute, the administrative agency (the Registrar) is an indispensable party to the superior court review of its decisions.

■ Does this status as a necessary or indispensable party change because the matter is now on appeal from that superior court review? We believe it does not. In our opinion, the Registrar stands in the unique position of determining whether the superior court judgment affecting the administrative decision should be subject to further judicial review, not only from the standpoint of its effect on the individual contractor involved, but also how that decision may affect the future administration

by the Registrar in dealing with other contractors who are not before the court.

Clearly this statutorily created interest cannot be ignored. As stated in *Estate of Gilbert, supra:*

> [His] interest will be affected by the result of the appeal, and we think that when such is the fact, he should be made a party, so that he may have the opportunity of choosing whether he will oppose or support the appeal. (Emphasis in original.)

50 Ariz. at 8, 68 P.2d at 676. We, therefore, hold that the Registrar of Contractors is a necessary party to an appeal from a judgment of the superior court affecting its decision whether to suspend or revoke a license of a contractor.

This does not mean that the Registrar by its failure to appeal an adverse ruling affecting its order may control further judicial review of that ruling. Parties to the proceedings, other than the Registrar, may well be "aggrieved" by the superior court judgment and thus have standing to prosecute the appeal in their own right. However, because of the unique interest conferred upon the Registrar by statute, the Registrar must be made a party to the appeal either as a voluntary appellant or an involuntary appellee.

The appellants having failed to join the Registrar as a party to this appeal, the appeal must be dismissed.

Appeal dismissed.

HAIRE, P. J., and EUBANK, J., concur.