708 P.2d 1325

Jerome B. GOLEMBIESKI & Barbara Golembieski, husband and wife, Plaintiffs/Appellants,

v.

O'RIELLY R.V. CENTER, INC., Defendant/Appellee.

No. 2 CA–CIV 5193.

Court of Appeals of Arizona, Division 2, Department B.

July 11, 1985.

A.F. Sonny Clifton, Tucson, for plaintiffs/appellants.

Healy & Beal, P.C. by James H. Dyer and Ethan Steele, Tucson, for defendant/appellee.

OPINION

HATHAWAY, Presiding Judge.

This is a consumer complaint involving the purchase of a motor home by appellants (Golembieski) from appellee (O'Rielly). Golembieskis named as defendants in

their lawsuit O'Rielly, Cobra Industries, Inc. (Cobra) and Chevrolet Motor Division—General Motors Corporation (GMC). Golembieskis alleged that the vehicle and equipment were manufactured by GMC and Cobra and then sold to and by the dealer O'Rielly. They sought rescission of the purchase agreement and the return of all monies paid. In the alternative, they alleged breach of warranty and breach of contract and sought general and special damages. They also alleged revocation of their acceptance of the contract of sale and of the vehicle and equipment sold and tendered redelivery. In addition, they alleged willful, wanton and reckless failure of the defendants to fulfill their duty and prayed for punitive damages.

Appellants raise several issues for consideration on appeal. Before we review them, we will first address a motion included in appellee O'Rielly's answering brief to dismiss the appeal for failure to join GMC as a necessary party. The judgment appealed from was in favor of O'Rielly, Cobra, and GMC. The notice of appeal filed in superior court bore the caption "Jerome B. Golembieski, et ux., Plaintiffs, vs. O'Rielly R.V. Center, Inc. et al., Defendants." Superior Court, on May 8, 1984, advised attorneys for O'Rielly, Cobra, and GMC that the notice of appeal had been filed and that the record was due at the Court of Appeals on June 18, 1984.

In the meantime, on June 8, 1984, a stipulation and notice of dismissal with prejudice as to defendant GMC only, drawn up by its local attorney and signed by him and the Golembieskis' attorney, was filed in Superior Court. The clerk's file at the Court of Appeals indicates that Superior Court sent copies to all parties of its cover letter transmitting the record to the Court of Appeals and that the Court of Appeals requested all parties to the appeal to agree upon the proper caption for the appeal. This correspondence continued to include notice to local attorneys for Golembieskis, O'Rielly, Cobra, and GMC, even though

GMC had been dismissed with prejudice and Cobra's attorney had been granted his motion to withdraw on the first day of trial. There is no record of any new representation for Cobra during or after trial or on appeal. The motion to withdraw as counsel for Cobra indicates a copy was sent to Cobra Industries in Canada prior to trial. Neither Cobra nor O'Rielly objected to the dismissal of GMC at the time of dismissal, nor does O'Rielly complain on appeal about the omission of Cobra as an appellee, notwithstanding that Cobra and GMC were both named cross-defendants by O'Rielly in the trial court. The judgment in favor of all defendants found all of O'Rielly's cross-claims moot.

■ Appellee O'Rielly asks us to dismiss the appeal for lack of jurisdiction, arguing that an appeal which fails to include a necessary party must be dismissed. *In re Gilbert's Estate*, 50 Ariz. 1, 68 P.2d 673 (1937); *Burrows v. Taylor*, 129 Ariz. 212, 630 P.2d 35 (App.1981). A necessary party is a party to the record below directly affected by a ruling on the merits of the appeal and should be made a party to the appeal to prevent piecemeal litigation. 4 Am.Jur.2d Appeal & Error § 391 (1957). The modern trend is to de-emphasize technical procedural aspects of appeals and to reach a decision on the merits where possible. *State Personnel Commission v. Howard*, 420 A.2d 135 (Del.1980). We believe Arizona has endorsed this approach, cf. *Hanen v. Willis*, 102 Ariz. 6, 423 P.2d 95 (1967), and Rule 8(a), Rules of Civil Appellate Procedure, 17A A.R.S. which provides: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal."

■ In keeping with the policy favoring disposition of appeals on the merits, we approve of the guidelines followed in State Personnel Commission v. Howard, supra.

(1) Appeals will not be dismissed unless the omission substantially prejudices a party in interest, and (2) the burden is appellant's to establish the absence of substantial prejudice.

Accordingly, the focus is directed to determining whether all parties to the litigation who would be directly affected by an appellate determination have had an adequate opportunity to come in and protect their interests in the appellate court. State Personnel Commission v. Howard, supra. This consideration boils down, of course, to a *matter of notice*. Were all parties given adequate notice of the appeal so that they could join in the appeal if they were not already included? The test is met in the instant case. GMC's local attorney submitted on his own stationery the stipulation and notice of dismissal, to which he was a signatory, for filing in Superior Court. GMC not only had notice of non-inclusion, it *chose* non-inclusion.

The emphasis of case law dealing with necessary parties on appeal is upon the omitted party and his interests. *Dunn v. Law Offices of Ramon R. Alvarez*, 119 Ariz. 437, 581 P.2d 282 (App.1978). Procedural game-playing must take a back seat to substance and to the goal of deciding appeals on their merits when the parties in interest have been afforded fundamental fairness. Any party aggrieved by the judgment can appeal. Rule 1, Rules of Civil Appellate Procedure, 17A A.R.S. *Farmers Insurance Group v. Worth Insurance Company*, 8 Ariz.App. 69, 443 P.2d 431 (1968). Even a surety who would be directly affected by the principal's judgment on appeal was not deemed a necessary party in *Webb v. Crane Company*, 52 Ariz. 299, 80 P.2d 698 (1938), ostensibly because the right of appeal was the surety's, and the plaintiff/appellee could not have been prejudiced by the surety's failure to exercise that right.

■ We find GMC's interest in the outcome of this appeal indirect and no party is prejudiced by its absence. O'Rielly's silence when the dismissal occurred speaks louder than the present protest. Cobra was on notice from before trial that it would have no representation at trial and can be deemed to have waived any status as a necessary party by its inaction. In any case, O'Rielly does not raise its necessary party argument with respect to Cobra. We deny the motion to dismiss the appeal for failure to join a necessary party.

Appellants' arguments on appeal concentrate on their disagreement with the trial court's disposition of the factual matters. The trial court made extensive findings of fact and conclusions of law which shall not be set aside unless clearly erroneous. Rule 52(a), Rules of Civil Procedure, 16 A.R.S.; *Carrasco v. Carrasco*, 4 Ariz.App. 580, 422 P.2d 411 (1967). Although it appears that there were a number of complaints about the RV's performance, they appear to have been substantially resolved by August 1978. Between that date and October 25, 1978, the date of attempted revocation, the appellants travelled a total of 7,000 additional miles in the vehicle, bringing the total miles driven by appellants to more than 17,000 miles, no more than 2,500 of which can be attributed to "test drives." The 7,000 miles driven from August 7, 1978, to October 25 included separate trips to Arkansas, Wyoming, and the White Mountains. Not more than 700 of those miles were attributed to test driving. The court found that the expected use of a motor home of this type is 6,000 miles per year. The court concluded that the appellants waited an unreasonable length of time before giving notice of their election to revoke acceptance. Therefore, the nature and extent of their use of the vehicle were inconsistent with the requirements of A.R.S. § 44–2371(B), in that their use after all substantial complaints were eliminated and before they elected to revoke acceptance caused a substantial change to the condition of the vehicle which would prejudice the seller should the court order return of the vehicle.

We find that the trial court's findings are supported by the record and that the conclusions of law were proper. A.R.S. § 47–2608(B) requires a timely revocation of acceptance and that it occur before any substantial change in condition of the goods "not caused by their own defects." Reasonableness of the time for revocation is a question of fact unique to the circumstances of each case. *Four Sons Bakery, Inc. v. Dulman*, 542 F.2d 829 (10th Cir. 1976); *Ryan v. Glenn*, 489 F.2d 110 (5th Cir.1974). Nor can appellants' allusion to earlier defects and problems which had been eliminated serve as a ground for rescission. See *Ford Motor Co. v. Olive*, 234 So.2d 910 (Miss.1970); *MacLaren v. Dermody White Truck Company*, 9 Mich.App. 402, 157 N.W.2d 459 (1968).

Appellants have not shown that the trial court's factual findings were unsupported by evidence and clearly erroneous. We conclude that the trial court was justified in finding that the attempted revocation of acceptance was untimely, that substantial changes in the condition of the RV occurred which were not attributable to its own defects, and that appellants by their conduct waived any right to revoke acceptance which they may have previously possessed.

The judgment is affirmed and appellee O'Rielly is awarded costs and attorney's fees on appeal.

LACAGNINA and LIVERMORE, JJ., concur.