148 Ariz. 314 (1986)
714 P.2d 807
CORTARO WATER USERS' ASSOCIATION, an Arizona non-profit corporation, and Cortaro-Marana Irrigation District, Pima County, Arizona, a political subdivision of the State of Arizona, Plaintiffs-Appellants-Appellees,
v.
Wesley E. STEINER, Director of the Department of Water Resources; the Department of Water Resources, an agency of the State of Arizona; the State of Arizona; City of Tucson, a political subdivision of the State of Arizona, Defendants-Appellants-Appellees, and Lewis McGinnis, a beneficial owner under Transamerica Title Insurance Company, Trust Nos. 82-28 and 82-29; Jackson-McGinnis Industrial Properties, an Arizona Joint Venture as beneficial owner under a Fidelity National Title Trust Company, Trust No. 10,066; Trans-America Title Insurance Company, as Trustee; and Fidelity National Trust Company, as Trustee, Intervenors-Appellees.
No. 18266-PR.
Supreme Court of Arizona, En Banc.
January 30, 1986.
Supplemental Opinion February 25, 1986.
Reconsideration Denied March 18, 1986.
*315 Martinez & Curtis, P.C. by Michael A. Curtis, Jay M. Martinez, William P. Sullivan, Phoenix, for Cortaro.
Bill Stephens, P.C. by Bill Stephens, Karen Tarr, Phoenix, for City of Tucson.
State of Arizona, Dept. of Water Resources by Kathleen Ferris, Chief Counsel, Scott Larmore, Deputy Counsel, Phoenix, for Dept. of Water Resources and Wesley E. Steiner, Director of the Dept. of Water Resources.
Roger Weissman, Tucson, for Lewis McGinnis, Jackson-McGinnis Industrial Properties, Trans-America Title Ins. Co., and Fidelity Nat. Trust Co.
Lewis & Roca by Tom Galbraith, Susan Freeman, Jessica Youle, Phoenix, for Lincoln Sav. & Loan Ass'n.
GORDON, Vice Chief Justice.
The facts in this case are not in dispute. A detailed account is provided by the court of appeals in Cortaro Water Users' Association, et al v. Steiner, et al, 714 P.2d 836 (1985). In this appeal we must decide whether the Cortaro Water Users' Association and Cortaro-Marana Irrigation District (Cortaro) are entitled to an award of attorneys' fees pursuant to A.R.S. § 12-348(A) (3). In order to reach our decision a factual statement is necessary. We approve the court of appeals' resolution of all other issues.
This case involved the construction and application of various provisions of the Arizona Groundwater Code, A.R.S. § 45-401 et seq. In October 1980 the City of Tucson (Tucson) filed applications with the Arizona Department of Water Resources (Department) to drill three new water wells within the Tucson Active Management Area pursuant to A.R.S. § 45-599. The proposed well sites were located in a planned development known as Peppertree Ranch. A portion of Peppertree Ranch is located within the boundaries of the Cortaro-Marana Irrigation District.
The Department held a public hearing pursuant to A.R.S. §§ 45-105(A)(10) and 45-599(E) at which Cortaro intervened and protested Tucson's applications. Cortaro was designated as "Protestant" after intervention in the Department proceedings. The hearings consumed five days over several months. During the course of the hearings, Cortaro learned that Tucson was pumping or about to begin pumping from an existing well on Peppertree Ranch which Tucson acquired by quitclaim deed. Cortaro claimed ownership of the well and also alleged that the well was outside Tucson's service area or alternatively that use of the well constituted an illegal attempt to extend Tucson's service area. See A.R.S. § 45-493. Cortaro filed a complaint and a request for a cease and desist order with the Department. The Department responded to Cortaro by letter which essentially indicated that the service area issue of the existing hearing was of primary importance and that no enforcement hearing was required to be held nor was a formal order required to be issued on every complaint.
Following the hearing the Department conditionally granted Tucson's well permit applications based on its interpretation of the Groundwater Code. The Department's decision and order did not mention the cease and desist order requested by Cortaro. Both parties filed motions for rehearing and each was denied. Both parties *316 then filed complaints in the Superior Court seeking review of the Department's decisions and orders. A.R.S. § 12-909. Tucson's complaint was dismissed with prejudice at Tucson's request. Cortaro's complaint named the Department and Tucson as defendants. Cortaro alleged that Peppertree Ranch was outside Tucson's service area and requested the Department's order be set aside and further asked the court to enjoin Tucson from pumping from the existing well. Cortaro sought attorneys' fees (A.R.S. § 12-348) and costs.
Cortaro filed a motion for summary judgment and the trial court agreed with the moving position. A minute entry order found the issuance of the well permits to Tucson was a legal nullity. A permanent injunction was granted prohibiting Tucson from withdrawing water from the existing well.
The Peppertree Ranch owners filed a motion to intervene regarding the injunction and to appear amicus curiae as to the service area issue. The trial court granted the motion to intervene in an order which also reversed the injunction due to Cortaro's failure to exhaust administrative remedies and failure to name indispensable parties in the claim for injunction. The court adhered to its previous ruling that the issuance of the well permits was a legal nullity and remanded the case to the Department with instructions to cancel and revoke the three well permits. These rulings were incorporated in a final judgment which also denied Cortaro's request for attorneys' fees, but allowed Cortaro costs against the Department.
Cortaro, Tucson, the Department and Peppertree Ranch all appealed the judgment. Peppertree's appeal was dismissed since it was not a party aggrieved by the judgment. The court of appeals affirmed the superior court's ruling that the proposed wells were not in Tucson's service area and therefore the Department erred in issuing the permits. The court also affirmed the dismissal of Cortaro's claim for an injunction. This was so because Cortaro had not exhausted its administrative remedies as to this issue, thus there was no final order of the Department from which to appeal. We agree with the disposition of these issues.
The court of appeals reversed the denial of attorneys' fees under A.R.S. § 12-348 and affirmed the award of costs in the superior court. Cortaro was denied attorneys' fees incurred in the administrative proceedings before the Department. Cortaro, Tucson and the Department all requested review by this Court. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Rule 23, Ariz.R.Civ.App.P.
The issue to be decided is whether A.R.S. § 12-348(A)(3) authorizes an award of attorneys' fees against a state agency charged with administration of a legislative enactment, which includes a quasi-judicial function and is a party to such a case on appeal pursuant to A.R.S. § 12-908. We hold there can be an award of attorneys' fees against such an agency.
In Arizona we follow the general American rule that attorneys' fees are not recoverable unless they are expressly provided for either by statute or contract. DVM Co. v. Stag Tobacconist Ltd., 137 Ariz. 466, 671 P.2d 907 (1983). The Arizona legislature has enacted more than 60 statutes authorizing awards of attorneys' fees, none of which expressly exempts the state from liability. New Pueblo Construction, Inc. v. State, 144 Ariz. 95, 696 P.2d 185 (1985).
The statutory provision currently in question is A.R.S. § 12-348(A)(3), which provides:
"A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:
....
"3. A court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title, or any other statute *317 authorizing judicial review of agency decisions."[1]
Under § 12-348, attorneys' fees can be denied or reduced only for the reasons set forth in subsection B. Tanner Companies v. Arizona State Land Department, 142 Ariz. 183, 196, 688 P.2d 1075, 1088 (App. 1984). Recovery is allowed only if the party prevails by an adjudication on the merits. Id. The reasonableness of the state's conduct is not a ground for denying recovery. So long as the litigation falls within one of the categories of subsection A and is not excluded under subsection G an award of fees is proper. American Cable Tel., Inc. v. ACC, 143 Ariz. 273, 280, 693 P.2d 928, 935 (App. 1983). The historical note accompanying the provision states that the purpose of this section is to reduce the economic deterrents and the disparity between the government and individuals seeking review of government action by entitling prevailing parties to recover an award of reasonable attorney fees, expert witness fees and other costs against the state.
The Department relies on the following provisions of subsection G in its argument as to why the statute is inapplicable. The relevant provisions are set forth as follows:
"G. This section does not:
1. Apply to an action arising from a proceeding before this state or a city, town or county in which the role of this state or a city, town or county was to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent, or to adjudicate a dispute or issue between private parties or to establish or fix a rate.
....
4. Apply to proceedings involving eminent domain, foreclosure, collection of judgment debts or proceedings in which the state or a city, town or county is a nominal party."
I.
The Department first argues that it is a nominal party to the proceedings and therefore protected per A.R.S. § 12-348(G)(4). Pursuant to A.R.S. § 12-908, in an action to review a final decision of an administrative agency, the agency must be made a party defendant to the appeal. This statute makes the Department an indispensable party to a review of its decision because the Department has an interest which could be affected on review as to how it will deal with other applicants in the future. Burrows v. Taylor, 129 Ariz. 212, 630 P.2d 35 (App. 1981). The legislature has decided that an agency's interest is so strong that the agency is an indispensable party on appeal; the failure to join the agency results in dismissal of the appeal. Id. As a party defendant, the agency, along with all other defendants, shall answer the complaint. A.R.S. § 12-907. The answer by the agency shall contain a copy of the portion of the record designated in the complaint and may also contain other portions of the record the agency deems material. A.R.S. § 12-909(B). Thus, at this point in the proceedings, the Administrative Review Act contemplates that the role of the administrative agency as a party defendant may simply be that of certifying its record to the superior court, leaving the parties in the superior court in the same posture they were before the administrative agency: Tucson as the applicant and Cortaro as the protestant. See Intern. Broth. of Elec. Workers v. Kayetan, 119 Ariz. 508, 510, 581 P.2d 1158, 1160 (App. 1978).
At the administrative level no attorneys' fees are able to be awarded against the state. We agree with the court of appeals' analysis that technically the Department proceedings did not constitute a "contested case" within the context of administrative proceedings. See slip op. 714 P.2d at 847. We believe, however, that the state should be exempt from attorneys' fees at the administrative level for a more *318 basic reason. At the administrative level the agency is acting essentially as a trial judge in a quasi-judicial capacity. The Department in this case was not acting pursuant to its prosecutorial power. See, e.g., A.R.S. §§ 45-105(A)(9); 45-634. The dual functions of administrative agencies should be analyzed separately since agencies can operate statutorily both as prosecutors and adjudicators. Agencies are placed in a difficult position by the very nature of the structure of administrative tribunals charged with the advancement of a particular public policy and enforcement thereof. A trial judge is not assessed attorneys' fees if a decision of his is overturned on appeal and we think the same basic principle should apply to decisions of hearing officers in the present context. We disagree with Cortaro's argument that the Department will deter persons from seeking review of agency decisions by increasing costs and making administrative proceedings complicated and expensive.
The nominal party exclusion can logically attach to review at the superior court level as long as the agency simply certifies the record and answers the complaint. However, if the agency takes the role of an advocate it ceases to be a nominal party and may lose its statutory protection. We need not decide for purposes of this appeal when an agency is or is not a nominal party.
At the superior court level, the defense of the hearing officer's decision and findings, insofar as the Department is concerned, lies in the reasoning of the order and decision itself. See Evertson v. Industrial Commission, 117 Ariz. 378, 382, 573 P.2d 69, 73 (App. 1977), approved and adopted as an opinion of this Court at 117 Ariz. 342, 572 P.2d 804 (1977). Therefore, the vast majority of the time the agency need not take an advocate's position in the appeal. See S & H Riggers & Erectors, Inc. v. O.S.H.R.C., 672 F.2d 426 (5th Cir.1982) (OSHRC had authority to defend its position, but did not file a brief or participate in oral argument; it did not advance any policy or legal position; it was merely a nominal party and not a force in prosecuting the appeal).
On appeal the Department is entitled to advocate a particular position above and beyond simply certifying the record, but it will be financially responsible per A.R.S. § 12-348 if this position is unsuccessful. In most cases, the Department's position will be defended on appeal by the party who was successful before the Department. Unless the Department is unwilling to entrust the defense of its position to the successful party, it need not take an active position in the case thereafter.
The Department actively participated at each level of the proceedings. We do not believe it is wrong for the Department to actively participate at the administrative level. Although the hearing officer should remain impartial during the proceedings the agency itself need not be indifferent to the result. Ideally, the director should concern himself with his public duty to further broad statutory policies only when formulating regulations (A.R.S. § 45-105(A)(1)), and making recommendations (§ 45-105(A)(14)) and should forgo this posture when acting in a judicial capacity in order to remain impartial at agency hearings. By taking an active part in the superior court proceedings, appealing to the court of appeals and petitioning this Court for review the Department lost any protection afforded it by A.R.S. § 12-348(G) and became much more than a nominal party defendant. The Department's asserted position in these proceedings undoubtedly caused Cortaro to expend more funds than would have been necessary if Cortaro had only Tucson as its opponent.
We make no decision here as to whether the Department's position was substantially justified or reasonable. As indicated earlier, the reasonableness of the state's conduct or position is not a ground for denying recovery. American Cable Tel., Inc. v. ACC, supra. We have previously indicated that A.R.S. § 12-348 et seq., is modeled after similar federal legislation, the Equal Access to Justice Act, 28 U.S.C. § 2412, 5 U.S.C. § 504. New Pueblo *319 Constructors, Inc. v. State, supra, 144 Ariz. at 109, 696 P.2d at 199. The federal statute which was in existence at the time the Arizona counterpart was enacted allowed an award against the United States unless the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A). However, effective October 1, 1984 subsection (d) was repealed, thus depriving the United States Government of the defense. See Section 204(c) of Pub.L. 96-481.
We read A.R.S. § 12-348 as mandatory in nature if no exceptions or exclusions apply. If the legislature did not intend for attorneys' fees to be awarded in situations such as the case currently before us, it can provide for a good faith exception similar to the repealed portion of the federal statute. We note that the legislature has reacted in the past to our decisions when it believes the scope of public liability is too great. See, e.g., Grimm v. Arizona Board of Pardons and Paroles, 115 Ariz. 260, 564 P.2d 1227 (1977) and A.R.S. § 12-820.02 (a legislative response to Grim giving qualified immunity to public employees for dealings with prisoners absent intent to cause injury or gross negligence).
II.
The Department next argues that subsection (G)(1) provides two exemptions rendering subsection (A) inapplicable. First, the Department asserts that its role in the proceedings was "to determine the eligibility or entitlement of an individual to a monetary benefit or its equivalent". We disagree and hold the Department is not exempt under this provision. We agree with the court of appeals in that any governmental action which tends to limit or regulate the right to use groundwater has an economic effect on property. Cortaro v. Steiner, slip op. 714 P.2d at 846; see also Town of Chino Valley v. City of Prescott, 131 Ariz. 78, 82, 638 P.2d 1324, 1328 (1981). (The right of the owner of the land overlying groundwater is simply to the "usufruct of the water" and that percolating waters are "like wild animals, free to roam as they please, they are the property of no one".) We recognize water is undoubtedly an element of value to land in Arizona, however we do not believe the legislature intended for this provision to apply in situations of economic impact alone, but instead to cases where an applicant is seeking the payment of money or its equivalent from a government agency. An example is where an applicant is seeking welfare payments or a disability pension payment.
In Marlar v. State, 136 Ariz. 404, 666 P.2d 504 (App. 1983), the Department of Economic Security argued it was not liable for attorneys' fees pursuant to this exemption. The issue in question was whether Mr. Marlar's continued participation in a cafeteria franchise was the equivalent to a monetary benefit. The court of appeals found this exemption was not applicable and held that Marlar's transfer to another cafeteria was not the type of economic or monetary benefit contemplated by the statute. Id. at 413, 666 P.2d at 513. We approve of Marlar's reasoning and find the facts of that case (a man's business or livelihood) far more analogous to the "monetary benefit" exclusion than the present facts. If mere economic impact would exempt an award of fees pursuant to A.R.S. § 12-348, the Department and most other state agencies would almost always be exempt from payment of attorneys' fees since most decisions have some economic impact.
The Department argues that it is exempt pursuant to subsection (G)(2) because it was the adjudicator of a private dispute. This may have been true at the administrative level, but due to the Department's active role in the case it lost this exemption in the subsequent proceedings. Essentially the Department was a stakeholder or acting as the guardian of the state's groundwater supply. See A.R.S. § 45-401. There was no issue as to the availability of the water. (See p. 16 of the Department's decision and order.) The Department's duty was to decide who was entitled to withdraw water at the Peppertree Ranch site based on the provisions of the Groundwater Code. However, since *320 the Department actively participated all the way up to this Court, it cannot be said that it is exempt under this provision. The Department's role was adversary and partisan against Cortaro and it should be liable for attorneys' fees. The Department is charged by law with the administration of the Groundwater Code and it was the Department's failure to properly administer the Code which ultimately caused Cortaro to expend money in the form of attorneys' fees to protect the rights of the Cortaro Water Users' Association and the Cortaro-Marana Irrigation District.
We are not persuaded by the Department's argument that there will be a chilling effect on administrative agencies and discretionary hearings will decrease and participation disallowed. Since the legislature intended attorneys' fees to be awarded in situations such as this, agencies should be far more willing to allow participation in the decision-making process to ensure that the correct result is attained at the administrative level. If an administrative decision is challenged unsuccessfully in superior court, A.R.S. § 12-912 allows costs to the defendant agency if a judgment adverse to the plaintiff is rendered. If the legislature believes agencies require more protection should their decisions be further appealed, it has the power to formulate laws to that effect.
In conclusion, we hold Cortaro is entitled to attorneys' fees at the superior court, court of appeals and supreme court level since it was the prevailing party. A.R.S. § 12-348(A)(3). No attorneys' fees incurred at the administrative level are available.
The court of appeals retained jurisdiction in this case in lieu of remanding the issue of attorneys' fees to the superior court. See Cortaro v. Steiner, slip op. 714 P.2d at 848. We therefore remand this case to the court of appeals pursuant to Arizona Rules of Civil Appellate Procedure, rule 21, 17A A.R.S.
HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.
SUPPLEMENTAL OPINION
This supplemental opinion concerns an error in the text of Cortaro Water Users' Association v. Steiner, 148 Ariz. 343, 714 P.2d 836 (App. 1985). We indicated that 28 U.S.C. § 2412(d)(1)(A), a portion of the Equal Access to Justice Act, had been repealed effective October 1, 1984, thus depriving the United States Government of the "substantial justification" defense. See p. 812. This provision was revived, however, effective August 5, 1985. See Equal Access to Justice Act, Extension and Amendment, Pub.L. 99-80, 99 Stat. 183, 186 (1985). We do not believe the revival of the above-mentioned provision changes the reasoning or result of the opinion in any way.
HOLOHAN, C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.
NOTES
[1] We note that the subsections of A.R.S. § 12-348 were renumbered during the course of these proceedings. All references to the statute are as they exist as of the date of this opinion.