

SUPREME COURT OF ARIZONA
En Banc

FILED

DEC 4 - 2002

NOEL K. DESSAINT
CLERK SUPREME COURT
BY


In re the Estate of


JOHN R. YOUNG,
            Deceased.

) Arizona Supreme Court
) No. CV-02-0181-PR
)
) Court of Appeals
) Division Two
) No. 2 CA-CV 01-0031
)
) Cochise County Superior
) Court
) No. PB99000244
)
) **MEMORANDUM DECISION**
)
)

Appeal from the Superior Court of Cochise County
No. PB99000244
The Honorable James L. Conlogue, Judge Pro Tempore

---

Memorandum Decision of the Court of Appeals
Division Two
Filed April 18, 2002

VACATED and REMANDED

---

Slutes, Sakrison & Hill, P.C.                            Tucson
   by       Tom Slutes
   and      Michael B. Smith
Attorneys for Christiane Young

Malanga Law Office                                       Bisbee
   by       Ralph Malanga
   and      Joel A. Larson
Attorneys for Personal Representative of
the Estate of John R. Young

---

McGregor, Vice Chief Justice

We granted review to determine whether the Court of Appeals abused its discretion in declining to consider Petitioner Christiane Young's federal preemption argument under *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S. Ct. 1322 (2001).

¶2 Christiane and John Young dissolved their twenty-five year marriage in 1999. John passed away after the divorce became final. At the time of John's death, Christiane remained the named beneficiary on his employer-provided life insurance and retirement plan. A dispute arose between Christiane and John's estate regarding who was entitled to receive the insurance and retirement proceeds. The trial court ordered Christiane to surrender the proceeds to the estate, ruling that the dissolution of the marriage automatically revoked John's designation of Christiane as the named beneficiary under Arizona Revised Statutes (A.R.S.) section 14-2804 (1995).

¶3 On appeal, Christiane argued that the Employee Retirement Income Security Act (ERISA) preempts the application of A.R.S. section 14-2804, relying on the United States Supreme Court's recent decision in *Egelhoff*. The Court of Appeals, however, declined to consider her federal preemption argument and *Egelhoff's* impact, stating that Christiane did not preserve these arguments for appeal by raising them in the trial court. *In re Estate of Young*, No. 2 CA-CV 01-0031, slip op. at 2, ¶ 2 (App. April 18, 2002).

2

¶4    We hold that the Court of Appeals abused its discretion in concluding that Christiane waived the right to raise federal preemption and argue *Egelhoff's* impact.  First, Christiane did argue that ERISA law preempts the state cause of action during the evidentiary hearing on May 23, 2000.[1]  Second, she was unable to argue *Egelhoff's* impact to the trial court because the United States Supreme Court had not yet decided the case.  The Court did not decide *Egelhoff* until almost a year after the trial court ordered Christiane to return the insurance and pension proceeds to John's estate.  Accordingly, her inability to rely upon *Egelhoff* before the trial court does not waive her right to argue federal preemption under *Egelhoff* on appeal.  *See Thernes v. City of Lakeside Park,* 779 F.2d 1187, 1188-89 (6th Cir. 1986) (remanding for further consideration in light of an FCC regulation preempting state and local laws pertaining to amateur radio facilities because the FCC promulgated the rule after the trial concluded and petitioner argued preemption during trial).  Finally, our courts prefer to resolve cases on the merits rather than on procedural grounds.  *See Golembieski v. O'Rielly R.V. Ctr., Inc.,* 147 Ariz. 134, 135, 708 P.2d 1325, 1326 (App. 1985).

¶5    For the foregoing reasons, we vacate the Court of

---

[1]    Christiane also raised the ERISA preemption argument in her Notice of Removal to the United States District Court for the District of Arizona.

Appeals' memorandum decision in *In re Estate of Young* and remand for further consideration in light of *Egelhoff v. Egelhoff*, 532 U.S. 141, 121 S. Ct. 1322 (2001).

_____
Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Stanley G. Feldman, Justice

_____
Rebecca White Berch, Justice

_____
Michael D. Ryan, Justice

4